ELIDA E. NELSON v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

May 24, 1895.

Nos. 9160—(9).

**Personal Injury—Release—Mistake.**

    Plaintiff having presented a claim against defendant for personal injuries sustained by her while a passenger on its cars, the defendant employed physicians to go and examine her, and report to its claim-agent as to the extent of her injuries. The physicians had no other duty to perform, and this was the extent of their authority. At the time of

[1] Reported in 63 N. W. 486.

such examination, in response to plaintiff's inquiry whether they thought she was seriously or dangerously injured, the physicians replied in the negative, saying she would soon be all right again. Subsequently the plaintiff settled with defendant, and executed to it a full release and discharge, relying upon the statements of the physicians. It subsequently developed that she was much more seriously injured than the physicians stated in their opinions expressed to her, but there is no evidence that these statements were not their honest opinions, given in good faith. *Held.* that the fact that the opinions of the physicians proved to have been incorrect constituted no ground for a rescission of the settlement and release.

Appeal by plaintiff from an order of the district court for Hennepin county, Canty, J., denying a motion to set aside an order dismissing the action and for a new trial. Affirmed.

*Penny, Welch & Hayne* and *A. N. Merrick,* for appellant.
*Koon, Whelan & Bennett,* for respondent.

MITCHELL, J.[2] Action for damages for personal injuries caused by the alleged negligence of the defendant. One of the defenses interposed was that the plaintiff had, for a valuable consideration, settled the claim sued on, and executed to defendant a full release and discharge therefrom. To this the plaintiff replied that the settlement had been induced by the false and fraudulent representations of defendant's agents as to the extent of her injuries, upon which she relied in executing the release.

The evidence disclosed the following facts: Plaintiff had made a claim against the defendant for damages. Negotiations looking to a settlement of the claim were pending for several months. On two different occasions during these negotiations, the defendant employed a physician to go and examine the plaintiff, and report to its claim agent the extent of her injuries. These physicians had no other duty to perform, and this was the extent of their authority. On each of these occasions, at the close of the examination, the physicians, in answer to inquiries by plaintiff, or by her husband in her presence, as to whether they thought she was seriously injured, or whether her injuries were dangerous, replied in the negative, saying that she would soon be all right again; that all she needed was some tonic; that all that ailed her was that she had not blood

---

[2] Canty, J., having tried the case in the district court, took no part.

enough in her system. About three weeks after the last of these examinations, plaintiff, with her husband, went to the office of defendant's claim agent, and settled for $250, and executed the release referred to; relying, as she testifies, upon the statements of these physicians as to the extent of her injuries. It has subsequently developed, as the evidence tended to show, that plaintiff was much more seriously injured than the physicians stated in their opinions expressed to her and her husband. But there is not a particle of evidence tending to show that either of the physicians intentionally misrepresented the extent of plaintiff's injuries, or that the statements made by them were not their honest opinions, according to their best professional judgment, based on existing symptoms.

On this state of the evidence the trial court dismissed the action at the close of plaintiff's case. This was correct. The facts proved constituted no ground for a rescission of the contract of settlement and release. These physicians were not sent to settle plaintiff's claim, or to advise her. The extent of their authority was to ascertain the nature of her injuries, and report the result to the defendant for its information. Any statements they may have made in response to plaintiff's inquiries as to the extent of her injuries were wholly outside of the scope of their agency. Defendant was not bound or affected by them, and, if plaintiff relied on them, she did so wholly on her own responsibility. As the statements of the physicians were, from the very nature of the case, necessarily mere expressions of opinion, given, so far as appears, in good faith, there is probably another reason why the facts proved constituted no ground for a rescission, but it is unnecessary to consider it.

Order affirmed.