## GEORGE NELSON v. CHICAGO & NORTHWESTERN RAILWAY COMPANY.[1]

June 3, 1910.

Nos. 16,438—(12).

**Release of claim voidable for fraud.**

A release of a claim for personal injuries, executed in reliance on fraudulent and false representations of probability of recovery, made to the injured person by an attending physician in the employ of persons sought to be charged therewith, is voidable.

**Same — mistake.**

Such release may also be avoided when its execution was due to a mutual mistake of the injured person and of such a physician, who has assisted in procuring the settlement.

**Validity of release.**

Where, however, such an attending physician in the course of treatment expresses a mistaken, but honest, opinion as to the period within which the injured person, suffering from a known injury, would recover, and where that expression of opinion, when made, had no connection whatever with a settlement, or with negotiations for a settlement, a release executed in reliance on his statement under circumstances here shown was properly held valid.

Action in the district court for Waseca county to recover $1,990 for personal injuries received while employed by defendant as a sectionman. The answer alleged that plaintiff entered into an agree-

[1] Reported in 126 N. W. 902.

[Note] As to effect of misrepresentations or undue influence by physician to avoid release, see note to Viallet v. Consolidated Railway & P. Co. (Utah) 5 L. R. A. (N. S.) 663.

111 M.—13.

ment to accept $250 in full payment of all claims against defendant; that on March 21, 1906, he received that amount. The amended reply alleged that immediately after the injuries complained of plaintiff was placed in the care of defendant's physician, and he was the only physician consulted; that he advised plaintiff that the injuries were an ordinary fracture of the thigh bone, and the same would unite and heal and he would recover perfect action of his limb and be as well as ever and able to go to work in six months; that a few days after a claim agent of defendant called at plaintiff's house and informed plaintiff he had consulted with the attending physician, and he was informed that plaintiff would be able to go to work in six months, and agreed to pay for the services of a nurse, which would amount to $40, and his wages for the period of time during which he would be disabled, amounting to $250; that there was a mutual mistake, whereby plaintiff was induced to sign a release of all damages on account of his injuries, upon the payment of his nurse's bill and his wages for the time he would be disabled. The case was tried before Buckham, J., who denied plaintiff's motion to direct a verdict in favor of plaintiff. The court charged the jury, inter alia, that "if they chose to take the judgment of the physician as the basis of their settlement and that basis failed to be correct it cannot authorize either party to say, I didn't get as much as I ought to have and he got more than he ought to have, and proceed to rescind the contract. The only question is this: Did Mr. Nelson understand when he signed that contract that he was executing a release? If he did, there is nothing in this case which warrants a jury in setting it aside. Now that is a distinct statement of the law of the case." The jury returned a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*F. B. Andrews* and *John Moonan,* for appellant.

The plaintiff contends that the evidence conclusively shows that a mutual mistake was made in relying upon the statement of the physician, and that this mistake is sufficient ground for avoidance of the release. Great Northern Ry. Co. v. Fowler, 136 Fed. 118;

Lumley v. Wabash R. Co., 76 Fed. 66; Houston v. Brown (Tex. Civ. App.) 69 S. W. 651; St. Louis v. Hambright, 87 Ark. 614; International v. Shuford, 36 Tex. Civ. App. 251; Galveston v. Cade (Tex. Civ. App.) 3 S. W. 124; Jones v. Gulf, 32 Tex. Civ. App. 198; Vialett v. Consolidated, 30 Utah, 260.

There can be no question in the case at bar but that the condition of mind on the part of Nelson which effected the settlement, was brought about and induced by the statements of the physician. Missouri v. Goodholm, 61 Kan. 758; Gulf v. Huyett (Tex. Civ. App.) 108 S. W. 502; Pattison v. Seattle (Wash.) 104 Pac. 825; Bjorklund v. Seattle, 35 Wash. 439; Texas v. Jowers (Tex. Civ. App.) 110 S. W. 146; St. Louis v. Richards (Okla.) 102 Pac. 92; 2 Pomeroy, Eq. Jur. § 878; Pollock, Cont. § 524; Riggs v. Thorpe, 67 Minn. 217.

The court erred in charging as follows: "The only question is this: Did Mr. Nelson understand when he signed that contract, that he was executing a release? If he did, there is nothing in this case which warrants a jury in setting it aside. Now that is a distinct statement of the law of the case." This was another way of the court's directing a verdict for the defendant. This took away from the jury not only all the evidence offered in reference to the statement of the doctor and Mr. Nelson's reliance thereon, but all the question of undue influence of the defendant's officers and agents in procuring the release, and all the other circumstances surrounding the plaintiff, which was the procuring cause of the execution of the release. Prussian v. Milwaukee, 56 Wis. 325; Sheanon v. Pacific, 83 Wis. 507; International v. Shuford, supra; Bjorklund v. Seattle, supra; Haarstad v. Gates, 107 Minn. 565; Peterson v. Chicago, M. & St. P. Ry. Co., 36 Minn. 399, 38 Minn. 511.

*Brown, Abbott & Somsen,* for respondent.

JAGGARD, J.

Plaintiff and appellant was injured, it was for present purposes admitted, by the negligence of defendant. Defendant claimed, among other things, that plaintiff had released his claim against

defendant. Plaintiff replied, alleging that the release was void because of mutual mistake, due to the mutual belief of the parties that the injury was less serious than it actually was. The jury returned a verdict for defendant. Plaintiff appealed from the order of the court denying his motion for a new trial.

Undoubtedly, as was pointed out by Collins, J., in Hedin v. Minneapolis M. & S. Institute, 62 Minn. 146, 64 N. W. 158, 35 L. R. A. 417, 54 Am. St. 628, "false statements and representations, to warrant an action for deceit, must be, generally speaking, as to a material fact or facts, susceptible of knowledge, and, if they appear to be mere expressions of opinion upon matters of conjecture and uncertainty, they are not actionable; but there are many cases in which the false assertion of an opinion will amount to fraud." It is equally well established that releases of claims for personal injuries, executed in reliance on fraudulent and false representations of probability of recovery, made to the injured person by an attending physician in the employ of the persons sought to be charged, are voidable. Plaintiff has referred us to many authorities of this kind.

The courts, moreover, have generally viewed releases by the physician, acting as assistant claim agent, with extreme suspicion, and in many cases in which the physician has acted in the dual capacity of claim agent and doctor, or in which he has violated the proprieties of the situation and has expressed his opinion with reference to or in connection with a settlement then pending, the courts have avoided releases on the ground of mutual mistake, where subsequent experience has shown that the physician was in fact wrong. See, for example, Lumley v. Wabash R. Co., 76 Fed. 66, 22 C. C. A. 60; Great Northern Ry. Co. v. Fowler, 136 Fed. 118, 69 C. C. A. 106; Gulf v. Huyett (Tex. Civ. App.) 108 S. W. 502; Viallett v. Consolidated, 30 Utah, 260, 84 Pac. 496, 5 L. R. A. (N. S.) 663. It does not at all follow, in every case wherein there is a subsequent discovery of mutual mistake made by defendant's physician as to the subsequent course of plaintiff's injury, that a release executed after the mistake has been made is void. See, for example, Doty v. Chicago, St. P. & K. C. Ry. Co., 49 Minn. 499,

52 N. W. 135; Nelson v. Minneapolis St. Ry. Co., 61 Minn. 167,. 63 N. W. 486; Chicago & N. W. Ry. Co. v. Wilcox, 116 Fed. 913, 54 C. C. A. 14. Cf. Farwell v. Colonial Trust Co., 147 Fed. 480, 78 C. C. A. 22.

Into which class a particular case under consideration should properly fall must depend upon its peculiar circumstances. In the instant case there is no basis for any claim of fraud, nor is it made. It is frankly admitted that the doctor gave an honest, but mistaken, opinion. The authorities as to fraud are not relevant. Nor do the authorities as to mutual mistake apply. The opinion here expressed had, at the time it was uttered, no connection with nor reference to a settlement, or to negotiations for settlement. It was made before they had been commenced. That it subsequently became the basis of the settlement is not legally significant. Before the release was signed, plaintiff talked with his wife, sent for his son-in-law, an assistant cashier of a bank, and advised with him, while the claim agent was excluded from the room.

The mistake related to the length of time probably required for recovery for a broken leg. It was not a misrepresentation or a misstatement relating to a past or a present existing fact. In Great Northern Ry. Co. v. Fowler, supra,. for example, there was a mistake of fact as to the nature of the injury; here there was a question as to when plaintiff would recover from a familiar and definitely known injury. We are unable to see wherein this case differs on principle from the ordinary mutual mistake, where property is sold and is believed by both parties to be of about a certain value, and where it subsequently appears to have been of much greater or less value.

We conclude the trial court properly charged the jury that, "even though you find that at the time of making the release either or both of the parties were mistaken as to the time when plaintiff would recover, such a mistake wouldn't justify you in holding the release void."

Affirmed.