## ALBERT FITZPATRICK v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

May 16, 1913.

Nos. 17,985—(97).

**Professional opinion of physician — defendant not liable therefor.**
　　Plaintiff was injured while in the employ of defendant as a brakeman.

[1] Reported in 141 N. W. 485.

Note.—On the question of expression of opinion as fraud, see note in 35 L.R.A. 417.

The question whether statements made without knowledge of falsity constitute a ground for action for fraud is treated in a note in 18 L.R.A.(N.S.) 379.

His arm was broken; the fracture was reduced and the injury treated by the defendant's physician at Milwaukee. Plaintiff remained under the care of that physician for about three weeks; he then came to St. Paul, this state, to visit relatives. During the time he was in St. Paul, he called upon defendant's local physician, and was given temporary treatment. The St. Paul physician, however, made no examination of the injury to determine the nature or extent of the same, or to discover whether the treatment given by the Milwaukee physician was proper or improper; he was not requested to make such examination nor does the evidence show that it was his duty to do so. The St. Paul physician stated to plaintiff that the injured arm would be all right and in good condition within six months, and, upon the return of plaintiff to Milwaukee, he settled his claim against the defendant, claiming to have relied upon the representations and statements of the St. Paul physician.

In this action to recover damages for the injury, and to avoid the settlement, he alleged that the representations of the physician were false and untrue and known to be untrue when made, and that the settlement was therefore procured by fraud.

It is *held* that the statements or representations were at most the expression of the professional opinion of the physician, without knowledge of the facts, of which lack of knowledge plaintiff had notice, that the allegations that the same were false and untrue to the knowledge of the physician are not sustained by the evidence, and the trial court properly dismissed the action.

Action in the district court for Ramsey county to recover $17,500 for personal injury received while in defendant's employ. The answer alleged that the injury was sustained wholly by reason of plaintiff's want of care, payment and acceptance by him of $136.72 in full satisfaction of every claim and formal release thereof by written instrument. The case was tried before Olin B. Lewis, J., who, when plaintiff rested, granted defendant's motion to dismiss the action on the ground that plaintiff had failed to prove any fraud or misrepresentation in the procurement of the release which plaintiff signed. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Thomas D. Schall, B. C. Thayer* and *John Ott,* for appellant.
*F. W. Root* and *Nelson J. Wilcox,* for respondent.

BROWN, C. J.
Plaintiff was in the employ of defendant as a brakeman on one

of its freight trains running between points in the state of Wisconsin. He received an injury to his arm, by reason of the alleged negligence of defendant, and brought this action to recover therefor. Defendant interposed in defense, among other things, a settlement and release of plaintiff's claim, to which plaintiff replied that the release was obtained by false and fraudulent representations of defendant's physicians and surgeons as to the nature and character of plaintiff's injury, in reliance upon which plaintiff made the settlement and executed the release. At the close of plaintiff's case, on the trial below, the action was dismissed for the failure of plaintiff to sustain, by sufficient evidence, the allegations of fraud claimed to have been the inducement to the settlement of the cause of action. Plaintiff appealed from an order denying a new trial.

Two questions are presented by the assignments of error: (1) Whether the trial court erred in admitting certain evidence on the cross-examination of the physician who plaintiff claims falsely represented the condition of his injury, and (2) whether the court erred in dismissing the action. Our examination of the record leads to the conclusion that the action was properly dismissed, and that, too, without reference to the evidence, of the admission of which plaintiff complains, and the first question mentioned becomes immaterial and will not be considered.

The facts bearing upon the merits of this controversy are as follows: Defendant was injured at some point in Wisconsin; his arm was broken at the elbow, and he was taken to Milwaukee and placed in charge of defendant's physician and surgeon at that place, who reduced the fracture and rendered such services as were necessary to proper treatment of the injury. Plaintiff remained under the care of this physician for about three weeks, and soon after leaving the hospital expressed a desire to visit relatives of his wife residing at St. Paul. The Milwaukee physician consented and prepared plaintiff's arm for the journey, advising him to consult a physician at St. Paul for such advice and treatment as might be found necessary. The physician gave him a letter of introduction to Dr. Kelly, defendant's St. Paul physician, upon whom plaintiff called, presenting his letter, on August 1, 1910. Dr. Kelly removed some of the bandages and gave plaintiff some instructions about the care of

the arm. Plaintiff called upon Dr. Kelly again on August 2. He made his next visit on the twenty-fourth of August, at which time he claims to have stated to Dr. Kelly that he was anxious to make a settlement with the company and to go back to work, and that he inquired about the condition of the arm, and whether the physician thought it advisable that he return to work.

Plaintiff testified that the physician then, and again upon a visit to him about a week later stated that the arm was all right, and would be perfectly well within six months. The physician further advised that he should not undertake any heavy work, and that he should not go to work as a freight brakeman for at least six months. Plaintiff claims that in reliance upon the statements of this physician he returned to Milwaukee, made a settlement with the company, and returned to work upon one of its passenger trains. Plaintiff alleged in his reply that the statements of the physician were false and untrue and known to be false and untrue when made. It was further claimed that the injured arm was improperly set by the Milwaukee physician, will never be restored to its former condition, and plaintiff in consequence permanently injured. He settled with the company for an amount equal to the wages lost during the time he was out of employment, which he claims is wholly inadequate and unjust.

In dismissing the action the trial court relied upon Nelson v. Minneapolis St. Ry. Co. 61 Minn. 167, 63 N. W. 486, wherein it was held that the representations and statements by the defendant's physician respecting the nature and character of plaintiff's injuries, similar to those claimed to have been made in this case, were not, though relied upon by the plaintiff in effecting a settlement for the injuries therein complained of, binding upon defendant because wholly beyond the scope of the authority of the physician.

Whether the decision in that case is here inapplicable because of a different state of facts we need not consider, for we are forced to the conclusion in the case at bar that plaintiff's contention that the settlement here in question was entered into and brought about by the false and fraudulent representations of Dr. Kelly is not sustained by the evidence. There is no evidence that Dr. Kelly knew anything about the nature or character of the injury plaintiff had

suffered, further than that his arm had been broken. He had nothing to do with reducing the fracture, nor does it appear that he examined the arm for the purpose of learning its exact condition. Plaintiff did not request him to make such an examination. The only connection this physician had with the injured member was to suggest to plaintiff how properly to care for it; and he prescribed a liniment to relieve the pain. Plaintiff testified that Dr. Kelly "took a picture" of the arm, but what the photograph disclosed does not appear, nor was the physician questioned as to the extent of his knowledge of the injury. He was not advised when plaintiff stated that he was anxious to make a settlement with the company, what settlement was proposed, the amount plaintiff expected or intended to demand as compensation, or the terms of the proposed settlement in any other respect.

No doubt the physician expressed the opinion that the arm would be all right in the course of time, and if that opinion had been based upon a knowledge of the facts, or if the circumstances had been such as to require of the physician a knowledge of the facts, a charge of either fraud or mistake could, under some of the authorities cited by plaintiff, have been predicated thereon. But since the physician did not know of the improper or imperfect setting of the fracture, was not called upon to examine the arm for the purpose of ascertaining its condition in that respect, and not being under any duty to do so, we are clear that the expression of his opinion that the arm would be all right in a short time was not such a false or fraudulent representation as will justify setting aside the settlement made.

Plaintiff was fully aware of the fact that Dr. Kelly's connection with the case was temporary, and for the purpose only of rendering such treatment as might be necessary during plaintiff's visit to St. Paul. He also knew that the only person capable of speaking with first knowledge on the subject was the Milwaukee physician, and that at most Dr. Kelly's knowledge was superficial and the result of a mere casual inspection of the injured arm. In such situation it would seem that, if plaintiff in good faith desired information as a guide in settling his claim, he should have applied to the Milwaukee physician who knew or ought to have known the facts, and upon whose representations plaintiff would have had the right to rely.

But we are clear that no charge of fraud can be predicated upon the facts stated, as respects the alleged representations of Dr. Kelly, whose connection with the injury was casual, and known to plaintiff to be such.

In fact the testimony of plaintiff makes it reasonably clear that he did not in fact rely upon the advice of Dr. Kelly. The doctor advised him not to undertake heavy work, and not to engage as a freight brakeman. Contrary to this advice, plaintiff abandoned the passenger train service and went to work as a freight brakeman for defendant within a very short time after the advice was given and continued therein for several months, when, it is claimed, his arm failed him. This shows as a matter of fact that plaintiff placed no particular reliance upon the advice of Dr. Kelly, presumably for the reason that he was aware of the fact that the doctor's knowledge of the injury was imperfect.

Our conclusion, therefore, is, that the charge of fraud, based upon the alleged false and fraudulent representations of Dr. Kelly, was not sustained by the evidence, and the trial court properly dismissed the action.

Order affirmed.

The following order was filed July 9, 1913:
PER CURIAM.

Rule XXVI, of the rules of practice of this court, does not authorize the entry of judgment without costs or disbursements, after the expiration of 20 days from notice of the filing of the opinion or order for judgment, where the prevailing party has been prevented from causing the entry of the same within that time by an order of the Court staying proceedings in the action. In cases where such stay order is entered the 20-day period within which the prevailing party must cause judgment to be entered, to entitle him to costs or disbursements under the rule, commences to run at the expiration of the stay of proceedings. The rules of the court do not require the costs to be taxed at any particular time.

The clerk will include in the judgment respondent's costs and disbursements.