## GEORGE NELSON v. CHICAGO & NORTHWESTERN RAILWAY COMPANY.[1]

May 14, 1915.

Nos. 19,085—(43).

**Vacating judgment.**
     An order opening a default judgment and permitting defendant to answer *held* not an abuse of discretion.

[1] Reported in 152 N. W. 721.

From an order, Childress, J., granting defendant's motion to set aside the order and judgment of the district court for Waseca county, plaintiff appealed. Affirmed.

*Moonan & Moonan,* for appellant.

*Brown, Abbott & Somsen,* for respondent.

BROWN, C. J.

Appeal by plaintiff from an order granting defendant's motion to vacate a default judgment and for leave to answer and defend in the action.

The facts are as follows: The action was commenced in August, 1911, to recover damages for an alleged fraud perpetrated by defendant in procuring from plaintiff a settlement and release of a cause of action against defendant of the value of $2,240. Judgment was demanded for $1,990. Defendant, acting on the theory that the action was removable to the Federal court, presented to the court commissioner of the county in which the action was brought a petition and bond for such removal and the court commissioner made a formal order removing the action to the United States Circuit Court in and for the Second Minnesota division, and directing the clerk of the state court to transmit the record to such Federal court. The clerk of the state court complied with the order. The cause was subsequently entered upon the calendar of the Federal court for trial at the October, 1911, term, but was stricken therefrom by order of the court on motion of plaintiff's attorney, who appeared before the court specially for the purposes of that motion. No formal motion to remand the cause was made and no order of remand has ever been entered by the Federal court. Plaintiff always insisted that the proceedings for the removal of the action to the Federal court were wholly without effect, that the action was not removable, and has at all times remained pending in the state court. Defendant consistently claimed that the removal was valid, and wholly divested the state court of further jurisdiction of the action. Subsequent to the removal defendant interposed a general demurrer to the complaint, but the issue thereby raised has never been brought to a hearing. In fact no proceedings have been had in the Federal court since the

cause was ordered stricken from the calendar at the October, 1911, term of that court. Here the matter seems to have rested until April, 1912, when the attorneys for defendant wrote the attorneys for plaintiff requesting a continuance of the case over the then approaching April term of the Federal court, and offering that if the continuance was agreed to defendant would stipulate to remand the action to the state court. The cause was not on the calendar at the term referred to, and no continuance was necessary. In this letter defendant's attorneys further stated that the case could not be disposed of in the state court until formally remanded from the Federal court. In reply plaintiff's attorneys reiterated their claim that the action was pending in the state court, and, after referring to an understanding with one of the counsel for defendant that the matter stand until mutually convenient to take it up before the court, said: "We are satisfied to allow the matter to stand under that arrangement and at some time mutually convenient we will take the matter up and dispose of it." It was subsequently arranged to take the matter before the state court at the June, 1912, term in Steele county, but for some reason, not explained, it was not then presented. It seems that counsel intended to submit to the state court the question whether the action had properly been removed to the Federal court. This was never done, and the matter rested until January, 1914, when plaintiff caused default judgment to be entered against defendant in the state court, wherein the action was brought.

Defendant promptly moved to vacate the judgment on the grounds: (1) That as the action had been removed to the Federal court the state court had no jurisdiction to render the judgment; and if the court should not sustain that contention, (2) that the judgment be vacated with leave to defendant to answer, for the reason that it was taken through mistake and excusable neglect. After hearing the parties upon this motion the court below held that the action had not been removed to the Federal court and was still pending in the state court, but in the exercise of its discretion granted the motion to vacate the judgment with leave to defendant to answer.

1. A considerable portion of the briefs of both parties is devoted to the question whether the action was removable to the Federal

court, and whether the proceedings had for such removal were valid and effectual. We deem it unnecessary to consider this branch of the case. Counsel for defendant were evidently in some doubt whether the action had been removed, and offered to stipulate that it be remanded, and to submit the question to the state court. That doubt still remained with them when the motion to vacate the judgment was made, for they thereby appealed for discretionary relief which the court could only grant in case the action was still pending in the state court. While we are not to be understood as laying down a general rule for guidance in situations of this kind, we hold that there was in the conduct of defendant in this particular case such recognition of the jurisdiction of the state court as to warrant the conclusion that there was an abandonment of the removal proceedings, and a voluntary submission to and request for the exercise of the authority vested in that court. The appeal for an exercise of its discretion and to permit defendant to answer constituted such recognition of state court jurisdiction. We therefore do not consider the question whether there was in fact a removal of the action to the Federal court, but confine ourselves to the question whether the court below abused its discretion in opening the judgment and permitting defendant to answer. We answer the question in the negative.

2. The cause of action which plaintiff here claims defendant fraudulently induced him to settle and release was involved in the case of Nelson v. Chicago & N. W. Ry. Co. 111 Minn. 193, 126 N. W. 902, 20 Ann. Cas. 748. That action was brought to recover for personal injuries resulting from the alleged negligence of defendant. Defendant there interposed, in addition to a denial of negligence on its part, the defense of settlement and release. Plaintiff replied that the settlement was procured by fraud, but by a subsequent amendment the issue of fraud was omitted, and in the place thereof the theory of mutual mistake was interposed. Defendant had a general verdict, and an order denying a new trial was affirmed. The decision was filed on June 3, 1910. Thereafter in August, 1911, this action was brought to recover for the alleged fraud in procuring that settlement. The defense presented by the proposed answer in this action consists in a denial of the alleged fraud, and that the

judgment in the former action is *res judicata;* as to the latter the contention being that the issue of fraud was or could have been interposed in the former action and plaintiff is precluded from litigating the issue a second time. The most that we are required to say in reference to the answer is that it presents what may be a good and valid defense to the action, and unless defendant by laches forfeited the right to be heard the court properly permitted the answer to be interposed at this time.

This general statement is sufficient to an understanding of the case. At the close of the first paragraph of the statement we left the parties at the point of the agreement made in May, 1912, to let the matter stand until mutually convenient for counsel to take it before the court. The negotiations between counsel subsequent to that date are in dispute. The affidavits presented by counsel for plaintiff contain statements that frequent effort was made by them to get the matter before the court, and that they were unable to do so; that they frequently advised counsel for defendant that unless the disputed question between them, namely, whether the action had been removed, was speedily brought to a termination, application for judgment in default would be made; that their efforts were fruitless, and finally they brought the case before the state court and obtained the judgment. Practically all the substantial statements in those affidavits are controverted by those presented by counsel for defendant, and they state that plaintiff's counsel gave no intimation of an intention to apply for default judgment; that they were ready at all times to take the matter up in pursuance of the arrangement of May, 1912, but that at no time thereafter did counsel for plaintiff suggest his readiness or indicate a time when it would be convenient to do so. The affidavits, contradictory as stated, presented to the trial court the question whether defendant was wholly to blame and wholly responsible for the delay in bringing to termination the mooted question. Counsel had agreed to let the matter stand until mutually convenient to both sides, and it cannot be said as a matter of law that the duty to proceed rested wholly with counsel for defendant; neither can it be said that they were justified in ignoring requests by plaintiff to bring the matter before the court. But by the order permitting

the answer to be interposed the court below must be deemed to have found the material facts in favor of defendant, and to the effect that the delay was not wholly due to the neglect of its attorneys. It was within the power of plaintiff to bring the matter to a close at any time after the failure of the parties to present it at the June, Steele county, term of court, but no effort to do so, other than urging upon defendant to proceed, appears to have been made. A case is presented where both parties may be said to be at fault, and the court was clearly within its discretion in relieving defendant.

Order affirmed.