## CARL F. OESTREICH v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.[1]

### May 31, 1918.

### No. 20,859.

**Master and servant — injury from fellow servant — evidence.**

    1. Plaintiff, a section man, was struck on the foot by a fellow work-man while both were in the course of their employment. The evidence sustains a finding that the fellow workman was negligent and that plaintiff was free from contributory negligence.

**Same — fraud in procuring release — surgeon's opinion.**

    2. If the surgeon of a railroad company knows that a release of damages is being bargained for on the basis of his opinion as to the extent of the injury and the length of disability, a false assertion of opinion will amount to a fraud.

**Same — ratification of release — avoidance.**

    3. Where an instrument, without consideration, is invoked as a confirmation or ratification of a former release induced by fraud, the party signing it may impair or destroy its force by showing that it was obtained by misrepresentation of its contents and that the same were unknown to him.

    Action in the district court for Blue Earth county to recover $35,-000 for injuries received while in defendant's employ as section man. The answer alleged that the injuries sustained were caused and aggravated by plaintiff's negligence and further that they were due to risks of the employment which he assumed, and that plaintiff, after receiving them, for a valuable consideration, duly released defendant of all liability or demands arising out of any and all personal,

    [1]Reported in 167 N. W. 1032.

bodily and mental injuries. The case was tried before Comstock, J., and a jury which returned a verdict for $4,500. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*James B. Sheean, R. L. Kennedy* and *Moore, Oppenheimer & Peterson,* for appellant.

*Thomas D. Schall, B. C. Thayer* and *T. D. Sheehan,* for respondent.

HALLAM, J.

1. Plaintiff was in the employ of defendant as a section man. With others, he was engaged on May 6, 1914, in removing decayed ties from under rails and installing new ones. Plaintiff and a fellow workman were handling a new tie and were about to place it under the rails. While so engaged, Cupper, another section man, standing behind plaintiff, swung his pick for the purpose of driving it into the tie and to assist in handling it. Instead of striking the tie, Cupper struck plaintiff's foot causing an injury, apparently slight, but which resulted seriously.

We think it clear that the questions of negligence and contributory negligence were questions of fact for the jury. There is no question that a coemployee while in the course of his work struck plaintiff with a pick. There is a conflict in the testimony as to the position of the tie when the act occurred, plaintiff testified it was held above the rail, Cupper testified that it was upon the ground. The difference is not vital. The essential fact is that Cupper did strike plaintiff and that it might well be found that the act was negligently done. Some conflict appears as to the movements of plaintiff just prior to the accident. This has bearing on both Cupper's negligence and plaintiff's contributory negligence. There is nothing in the testimony on this point that should take the case away from the jury.

2. A more serious question is whether plaintiff's claim is barred by release. Soon after the injury occurred, infection or blood poisoning set in. This developed seriously. Plaintiff was taken to a hospital in Minneapolis where he was attended by defendant's surgeon. On June 12, 1914, defendant's claim agent precured a release of plaintiff's claim

for a consideration of $250. The amount is small compared with the injury suffered. It falls far short of paying plaintiff's pecuniary loss. Plaintiff claims this release was procured by misrepresentation and fraud. The particular claim is this: While plaintiff was lying in the hospital the claim agent of defendant called on him in the presence of defendant's surgeon who was attending plaintiff. The evidence on behalf of plaintiff is that the surgeon participated in the negotiations, that the claim agent asked how long it would take before plaintiff would be well again, and the surgeon answered that in 6 to 8 weeks plaintiff would be well and strong and able to go to work. The surgeon denied making this statement, but frankly testified that such a statement would not be truthful and said that he expected it would take plaintiff a much longer time to get well. Plaintiff was, in fact, in the hospital for 8 months thereafter. If the surgeon did make the statement charged to him, it was clearly such a misrepresentation as would avoid the release. True, the alleged statement was a matter of opinion, and a mere expression of opinion is ordinarily not regarded as an actionable representation, but this is not an invariable rule. If the surgeon of a railroad company knows that a release of damages is being bargained for on the basis of his opinion as to the extent of the injury and the length of disability, he is bound to give an honest opinion, and a false assertion of opinion will amount to a fraud. Peterson v. Chicago, M. & St. Paul Ry. Co. 38 Minn. 511, 39 N. W. 485; Hedin v. Minneapolis M. & S. Institute, 62 Minn. 146, 64 N. W. 158; Nelson v. Chicago & N. W. Ry. Co. 111 Minn. 193, 126 N. W. 902, 20 Ann. Cas. 748; Marple v. Minneapolis & St. L. R. Co. 115 Minn. 262, 132 N. W. 333, Ann. Cas. 1912D, 1082. The jury by their verdict found that the surgeon did make the statements charged. The evidence is conflicting and is sufficient to sustain the verdict.

3. Shortly before plaintiff left the hospital and on January 25, 1915, defendant's claim agent procured from plaintiff a document in form a confirmation of the release of June 12. This instrument recited that the consideration for it was the payment by defendant of the bill of its surgeon and of the hospital. The evidence of plaintiff is that, at the time the first release was obtained, it was agreed that defendant should pay these bills. This is not denied. Defendant's surgeon, in

fact, testified that this was the universal custom. In this state of the evidence, we find no consideration to sustain the instrument of January 25. Without a consideration, it would have some probative force as a ratification or confirmation of the first agreement of release, but would not necessarily be conclusive.

Plaintiff testified that he signed it without reading it, under the representation that it was merely a statement that he was still in the hospital. We have not the case of a man trying to avoid a contract, based on a consideration. We have no doubt that where an instrument, without consideration, is invoked as a confirmation or ratification of a former release induced by fraud, the party signing it may impair or destroy its force by showing that it was obtained by misrepresentation as to its contents and that the same were unknown to him.

Judgment affirmed.