# JOSEPH A. RUSCH v. PRUDENTIAL INSURANCE COMPANY OF AMERICA.[1]

March 27, 1936.

No. 30,739.

*Peterson, Mogren & O'Donnell,* for appellant.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly* and *George W. Jansen,* for respondent.

HILTON, JUSTICE.

This is an appeal from an order of the district court denying plaintiff's motion to set aside and vacate a judgment of dismissal with prejudice entered upon a stipulation between plaintiff, other interested parties, and the defendant.

January 12, 1927, the defendant issued and delivered to the plaintiff its policy of insurance. In addition to death benefits therein

[1]Reported in 266 N. W. 86.

provided, defendant agreed to pay to the insured permanent disability benefits in the sum of $100 per month for life and to waive all premiums in the event the insured became "totally and permanently disabled, either physically or mentally, from any cause whatsoever, to such an extent that he (or she) is rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his (or her) lifetime."

November 1, 1932, the plaintiff and Barbara Rusch, the beneficiary on said policy, assigned all their right, title, and interest in said policy to Mathew E. Rusch. Nevertheless, on June 21, 1933, plaintiff commenced an action against the defendant. Plaintiff claimed that he was totally and permanently disabled within the meaning of the terms of the policy and had been so disabled since July 1, 1931. This proceeding was abandoned, and a second action, alleging the same disabilities, was commenced by the assignee.

After issue had been joined in both of these actions, the defendant entered into an agreement with the plaintiff and Mathew E. Rusch, and the plaintiff's mother, the beneficiary, by the terms of which the defendant paid the plaintiff, the assignee, and the beneficiary the sum of $3,600 and in addition thereto waived certain premiums on the policy of insurance involved. In consideration of this payment and the waiver it was agreed that the disability provision of the policy was to be canceled and the defendant released and discharged from all liability under the policy for any and all disability claims. As evidence of this agreement, a release was executed by the plaintiff, the assignee, and the beneficiary.

November 28, 1933, stipulations of dismissal with prejudice were made in both of the above mentioned actions. Subsequently a new policy of insurance was delivered to the plaintiff with the disability provision absent therefrom, as was provided in the agreement. The policy contained a photostatic copy of the release. Judgment of dismissal with prejudice was entered in each of the two actions on December 11, 1934.

May 24, 1935, plaintiff made a motion to set aside the stipulations and the judgment entered thereon and to place the case upon

the calendar for trial. This is an appeal from the order denying that motion.

Plaintiff claims that at the time the settlement was made there was a mutual mistake in that all parties to the agreement believed that plaintiff was only temporarily disabled. Plaintiff relies on Richardson v. C. M. & St. P. Ry. Co. 157 Minn. 474, 196 N. W. 643, which held that where the compensation received for a release was intended as compensation for injuries sustained the release may be avoided if the parties to the release were mutually mistaken as to the extent of the injuries sustained. That is not the situation here. The policy provided for the payment of disability benefits only in case of total and permanent disability of the plaintiff. The complaints in the two actions above mentioned both alleged:

"That on or about July 1, 1931, said Joseph A. Rusch became totally and permanently disabled within the meaning of said policy and contract and its aforesaid provisions, and that said Joseph A. Rusch made due and complete proof of the same to the defendant.

"Plaintiff further alleges that defendant has already recognized Joseph A. Rusch's total and permanent disability under its policy and contract of insurance numbered 7097549, which is hereby referred to and made a part hereof, and is paying the benefits listed under said policy, for some time past."

In the release heretofore mentioned it was stated:

"WHEREAS, The insured named therein, Joseph A. Rusch, claimed and does claim that on the first day of July, 1931, he became totally and permanently disabled under the terms of said policy and made claim against said company for disability benefits and waiver of premiums under the terms of said policy, *  *  *"

There is nothing that could be more indicative of the fact that the plaintiff and the other parties were of the opinion, at the time the release was made, that plaintiff was totally and permanently disabled. For plaintiff now to claim otherwise would be in absolute contradiction of his previous statements upon which reliance was had in making the lump sum settlement. By the terms of the policy

defendant was under no obligation unless the plaintiff had suffered total and permanent disability. Thus defendant would have had no occasion to make the settlement unless defendant also was of the opinion that plaintiff had been so disabled. The fact that plaintiff might have been mistaken as to the cause of his condition could not alter the situation, as the parties settled with the thought in mind that plaintiff had been totally and permanently disabled.

At the time plaintiff entered into the settlement he was informed, by his then attorney, as appears from the testimony taken at the hearing on the motion to vacate the judgment, that the settlement was fair and reasonable. Although plaintiff may have relied upon an incorrect prognosis of his illness and thus exercised poor judgment in making the settlement, that is not such a mistake as will avoid the release. Nelson v. Minneapolis St. Ry. Co. 61 Minn. 167, 63 N. W. 486; Richardson v. C. M. & St. P. Ry. Co. 157 Minn. 474, 196 N. W. 643. As said in Christianson v. C. St. P. M. & O. Ry. Co. 67 Minn. 94, 98, 69 N. W. 640, 642: "The mere fact that a man has made a poor bargain is no ground for setting it aside."

Affirmed.

I. M. OLSEN, JUSTICE, took no part in the consideration or decision of this case.