**KEYSTONE FUEL OIL CO., Plaintiff,**

v.

**DEL–WAY PETROLEUM, INC., Defendant.**

Superior Court of Delaware,

New Castle.

Submitted July 23, 1976.

Decided Sept. 14, 1976.

· Garry G. Greenstein of Knecht, Greenstein & Berkowitz, Wilmington, for plaintiff.

Clifford B. Hearn, Jr., and Henry A. Heiman of Balick & Hearn, Wilmington, for defendant.

O'HARA, Judge.

Defendant corporation, Del-Way Petroleum, Inc. ("Del-Way"), moves for relief from a judgment in favor of Keystone Fuel Oil Co. ("Keystone") pursuant to Superior Court Civil Rule 60(b) on the grounds that consent given by Del-Way's president to the entry of such judgment was the product of mistake.

The facts appear as follows: Keystone is a wholesaler of petroleum products. Del-Way is a distributor of petroleum products to retailers. As a result of certain purchases of No. 2 heating oil from Keystone by Del-Way, Del-Way became indebted to Keystone for a sum between $30,000 and $40,000. In an effort to relieve some of this debt, Del-Way turned over to Keystone all its No. 2 heating oil accounts for collection by Keystone. It also appears that Keystone agreed to pay royalties to Del-Way on sales to existing customers. Despite these arrangements, Del-Way remained unable to pay Keystone what was due. Consequently, suit was begun by Keystone against Del-Way.

On January 6, 1975, in connection with the suit, the deposition of Stanley Mann,

president of Keystone, was taken. Powell, president of Del-Way, arranged to attend the deposition because there were certain issues he wanted clarified. However, shortly after the deposition began, it was interrupted, and Powell left, believing it would be resumed another day. Instead, the deposition continued and concluded without his presence.

Shortly after the deposition, Powell spoke with Del-Way's attorney for five minutes on the telephone while, it is alleged, Powell was too busy to give the conversation his complete attention. During the conversation, Powell came to believe that those matters with which he had been particularly concerned had been dealt with at the deposition and that the conclusion therefrom was that Del-Way was liable as sued. It is also claimed that Powell received the erroneous impression from the conversation that the judgment would result in a lien against Del-Way's real estate but would not subject the property to execution and sale. For these reasons, he consented to have the attorney sign a stipulation to enter judgment against Del-Way.

The stipulation was signed January 16, 1975. As part of the agreement, execution was stayed for six months. On August 1, 1975, Judge Joseph T. Walsh of this Court signed an order to levy on and sell the real estate. Powell learned of the impending sale in mid-September, 1975. Shortly thereafter, Powell began, for the first time, to question the content of Mann's January 6th deposition and requested Del-Way's new attorneys to obtain a copy of it. Such copy was received by Powell around the date of October 24, 1975, and on November 7, 1975, defendant filed a motion pursuant to Superior Court Civil Rule 60(b) for relief from the judgment.

Rule 60(b) provides:

"On motion and upon such terms as are just, the Court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment."

■ Defendant argues that two misunderstandings on the part of Powell constitute "mistake" under the Rule and permit this Court to relieve defendant of the judgment. The first, defendant argues, is that Powell incorrectly understood Del-Way's attorney regarding the true content of Mann's deposition. The second is that Powell incorrectly understood the attorney's explanation of the legal consequences of the entry of the judgment. These misunderstandings would constitute a mistake of fact and a mistake of law, respectively.

In arguing that these misunderstandings justify relief under Rule 60(b)(1), defendant cites four cases to support its position that the Rule should be liberally applied: *Model Finance Company v. Barton*, Del. Super., 188 A.2d 233 (1963); *Tozer v. Charles A. Krause Milling Co.*, 3d Cir., 189 F.2d 242 (1951); *United States v. One 1966 Chevrolet Pickup Truck*, E.D.Tex., 56 F.R.D. 459 (1972); and *Nashold v. Giles & Ransone, Inc.*, Del., 245 A.2d 175 (1968). All four of these cases, while indeed calling for a liberal application of Rule 60(b), deal with the opening of default judgments. There is considerable difference in the rationales behind the opening of a default judgment and the opening of a judgment by consent such as is presented here.

■ Liberality is highly favored where the opening of default judgments is concerned because of a basic underlying policy which prefers that a defendant have his day in court. A trial on the merits is considered superior to a default judgment. *Model Finance Company v. Barton*, supra. Also, frequently in default judgments where the ground for relief is "mistake", the mistake is something such as papers not being filed in time or the defendant not receiving notice, preventing the defendant from avoiding the default and

being heard on the merits. Where a consent judgment is involved, however, the defendant has had an opportunity to have his day in court but has chosen to forego it. Any "mistake" does not, as with default, go to the very entry of the judgment itself, but rather to either the content of the stipulation or the presence of consent. In addition, default judgments are viewed with disfavor; settlements are encouraged.

■ Because of the differences in the kind of judgment involved the rationale espoused in the four cases cited by defendant to support a liberal interpretation of Rule 60(b) does not apply. Instead, analysis of the case presented begins with an admitted consent creating a strong presumption of validity. This presumption, combined with the ten month period during which the judgment existed without objection imposes a heavy burden upon defendant to convince this Court to exercise discretion in its favor.

It first must be asked whether the "mistake" alleged is a mistake covered by the Rule. It should be observed that there is no allegation here that there was a mistake by Del-Way's counsel. The whole claim of mistake appears founded on the subjective misunderstandings of Del-Way's president. Therefore, cases cited by defendant indicating the possibility of relief from mistakes of counsel are inapposite here.

■ Although Delaware case law gives almost no guidance on the subject, an examination of federal cases interpreting the Federal Rule of Civil Procedure 60(b) from which the Delaware Rule 60(b) is drawn, and cases from other jurisdictions dealing with relief from judgments, reveals that "mistake" under Rule 60(b) has different meanings depending on the kind of judgment sought to be opened. With respect to default judgments, it would appear that a mistake, not amounting to gross negligence, which has operated to keep defendant out of court and prevented him from having a trial on the merits would be

grounds under which the Court could grant relief. E. g., *Gibbons v. Travelers Insurance Company,* 27 Cal.App.2d 819, 79 Cal. Rptr. 438 (1969). With respect to consent judgments, on the other hand, this reasoning would not apply.

■ A consent judgment is basically an agreement which the Court turns into a judgment. It is similar to a contract between the parties. E. g., *Bryan v. Reynolds,* 143 Conn. 456, 123 A.2d 192 (1956); *Barnes v. American Fertilizer Co.,* 144 Va. 696, 130 S.E. 902 (1925). This means that the Court should not allow a party to free himself from the judgment unless there is some theory in operation which would free him from a contract. Therefore, where consent judgments are concerned, "mistake" under Rule 60(b), would tend to mean mutual mistake. E.g., *Gordon v. City of Warren Plan. & Urb. Renew. Com'n,* 29 Mich.App. 309, 185 N.W.2d 61 (1971), aff'd, 199 N.W.2d 465 (1972); *Ex Parte Johnson,* 277 N.C. 688, 178 S.E.2d 470 (1971); *Rusch v. Prudential Ins. Co. of America,* 197 Minn. 81, 266 N.W. 86 (1936); *Hubley v. Goodwin,* 91 N.H. 200, 17 A.2d 96 (1940). Where, as here, an attorney for one of the parties has acted with actual authority in agreeing to the stipulation, the Court must find that the "contract" is binding absent some mutual mistake or some allegation that the stipulation does not reflect the true agreement. The type of "mistake" alleged here is insufficient without more. This Court cannot adopt a view of Rule 60(b) which would allow parties to avoid the consequences of their decisions to settle. See, e. g., *Sampson v. Radio Corporation of America,* 2d Cir., 434 F.2d 315 (1970).

This Court may also grant relief from a judgment in an appropriate situation under Rule 60(b)(6) for "any other reason justifying" such relief. The Court finds no such justification here.

■ Alleged mistakes of law, are not as favored as grounds for relief as are

mistakes of fact. See, e. g., *Patapoff v. Vollstedt's Inc.,* 9th Cir., 267 F.2d 863 (1959). Also, the Court must attribute to defendant some minimal knowledge, or duty to know, with respect to the consequences of the entry of judgment. Powell's ignorance here will not form the basis for relief from the judgment.

With respect to the mistake of fact dealing with the content of Mann's deposition, nowhere is it made clear exactly how Powell's initial perception of Mann's deposition differed from the actual content of the deposition as revealed by the transcript acquired by Powell in the Fall of 1975. Nor is it clear why this difference might have led Powell to withhold his consent to the judgment. For these reasons, the Court is not persuaded to exercise its discretion under Rule 60(b)(6) in favor of defendant.

For the reasons set forth the Court concludes that defendant's motion for relief from the judgment should be denied.

IT IS SO ORDERED.