FIRST NATIONAL BANK OF BRAINERD v. NORTHERN TRUST COM-
PANY and Others.[1]

June 30, 1897.

Nos. 10,546—(173).

Judgment—Vacating—Creditor of Insolvent Corporation.

Evidence considered, and *held* sufficient to justify the order of the trial
court in denying the petitioner's motion to vacate the judgment, and
permit him to become a party to the action.

Appeal by Fred Huntzicker from an order of the district court for
Hennepin county, Elliott, J., denying his motion to open a judgment,
and allowing him to file a complaint and become a party to the ac-
tion. Affirmed.

*Alvord C. Egelston*, for appellant.

*Carman N. Smith* and *John Lind*, for respondent John Swenson.

*Edward C. Gale*, for respondent A. Frank Gale.

BUCK, J.

On February 13, 1894, one of the defendants, the Northern Mill
Company, made an assignment, under the insolvent laws of this
state, to the Northern Trust Company, another of the defendants.
This action was brought in September, 1894, by the plaintiff, on its
own behalf and in behalf of other creditors of the mill company who
should exhibit their claims against said company. It was brought
under G. S. 1878, c. 76, to enforce the liabilities of the stockholders.
Previous to bringing such suit, however, it had obtained by purchase
a judgment rendered against the mill company for $2,391.51, upon
which execution had been duly issued, and returned nulla bona. On
October 16, 1894, the court made an order limiting the time to six
months and twenty days for creditors to appear and file their com-
plaints, and directing that notice of the action should be given by
publication once in the Minneapolis Times, a newspaper published
in the county of Hennepin, in this state. Parties who did not ap-
pear and file their claims were precluded and debarred from the ben-
efits of the judgment. Claims to a large amount were filed with

[1] Reported in 71 N. W. 928.

the assignee in insolvency proceedings, but in this action, brought under said chapter 76, claims to the amount of only $5,196.62 were presented and allowed; and on May 18, 1895, judgment was entered, barring out all creditors who had not so appeared.   Those who pre-- sented their claims were paid a dividend, and the judgment was paid and satisfied of record.

The claimant in this action, Huntzicker, who seeks to have the judgment vacated and opened up, and that he be permitted to file a complaint upon his cause of action, and become a party thereto, did not file his claim in this action, but did file it with the assignee in the insolvency proceedings; and on May 31, 1895, he received a dividend amounting to $836.11.   He is the appellant in this matter, and was a resident of the state of Wisconsin during the entire time of the proceedings referred to, but did not hear of the pendency of this action until December 28, 1896.   Some time in January, 1897, he made application to the trial court for permission to become a party to this action, as above stated, and thus be permitted to enforce the statutory liability of the stockholders of the Northern Mill Company.   Huntzicker's motion to file a complaint in the action, and become a party thereto, was denied, and he appeals.

G. S. 1878, c. 76, § 23 (G. S. 1894, § 5911), under which this action was brought, reads as follows:

"Whenever any action is brought against any corporation, its directors or other superintending officers, or stockholders, according to the provisions of this chapter, the court, whenever it appears necessary or proper, may order notice to be published, in such manner as it shall direct, requiring all the creditors of such corporation to exhibit their claims and become parties to the action, within a reasonable time, not less than six months from the first publication of such order, and, in default thereof, to be precluded from all benefit of the judgment which shall be rendered in such action, and from any distribution which shall be made under such judgment."

The regularity of the proceedings under this section is not challenged, and the application to be made a party is made under G. S. 1894, § 5267, permitting the court, in its discretion, at any time within one year after notice of a judgment, order, or other proceedings taken against him, to relieve him therefrom if taken through mistake, inadvertence, surprise, or excusable neglect.

69 M.—12

Upon this point it is to be observed that the assignment was made February 13, 1894, nearly three years before the appellant moved in this matter; and, while he seeks to excuse the delay upon the ground that he had no notice of this action, yet during the meantime he appeared in the assignment proceedings by an attorney, filed his claim, and received a dividend, and notice of the pendency of this action was published seven months before the entry of judgment barring and precluding those who did not appear, including appellant. No fraud or mistake appears in the proceedings, and none is claimed. The appellant knew of the insolvency proceedings, is presumed to know the law, and there was no abuse of discretion on the part of the trial court. It had jurisdiction of the entire subject-matter of the funds distributed, and the stockholders have a right to rely upon the payment and satisfaction of the judgment. Although the petitioner knew of the insolvency of the corporation, and of the assignment proceedings, yet he waited nearly three years after the corporation made an assignment, and about one year and seven months after receiving his dividend under that assignment, without, so far as appears, making any effort to ascertain whether an action to enforce the liability of stockholders had been commenced,—a proceeding which he ought to have known was likely, in the natural order of things, to be instituted where a corporation has gone into insolvency.

Order affirmed.