## ECCLESTON *et al.* v. EDENS.

No. 4955.   Opinion Filed July 20, 1915.

(150 Pac. 882.)

1.   **RELEASE—Ratification—Personal Injuries.** A releasor, i n a voidable release of liability for personal injuries, who voluntarily accepts the benefits thereof at a time when he is apprised of the probable extent of his injuries, knowing that such benefits have been paid to him in consideration of his discharge of the release from liability for any damage he may have suffered as a result of his injuries, thereby consents to and ratifies such release.

2.   **APPEAL AND ERROR—Ground for Reversal—Submission of Issues.** Failure of the court, upon proper request of a defendant, to submit, by appropriate instructions, a theory of the defense which is supported by the evidence, constitutes prejudicial error.

(Syllabus by Bleakmore, C.)

*Error from District Court, Caddo County;*
*J. T. Johnson, Judge.*

Action by Charles C. Edens against F. J. Eccleston and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*Theodore Pruett* and *R. L. Lawrence,* for plaintiffs in error.

*Louie E. McKnight,* for defendant in error.

Opinion by BLEAKMORE, C. This is an action for personal injury, commenced in the district court of Caddo county, on the 17th day of February, 1912, by the defendant in error as plaintiff, against the plaintiffs in error as defendants, resulting in judgment for plaintiff in the sum of $500. The parties will be referred to as they appeared in the trial court.

In the petition it is alleged, in substance, that on the night of May 22, 1911, while the plaintiff was traveling upon a street in the city of Anadarko, in a wagon drawn by a team of horses, the defendants drove and operated an automobile owned by them upon said street at a high and reckless rate of speed, and without lights, as required by, and in violation of, an ordinance of said city, and while so unlawfully driving and operating said automobile, carelessly and negligently ran into and col**lided with the wagon and team** of plaintiff with such force and violence as to throw plaintiff therefrom and injure him. Defendants answered by way of general denial, and pleaded contributory negligence on the part of plaintiff, settlement with him, and written release of liability. Plaintiff replied, denying a knowledge of such release, and alleging that, if same was in fact executed by him, it was signed at a time when he was bewildered and mentally incapacitated because of said injury and the pain which he was then suffering, to the extent that he did not understand and appreciate the nature and effect of his acts, and, further, that such release was procured by the fraud and misrepresentation of defendants as to the extent of his injuries.

The collision occurred at about 10 o'clock at night. Physicians were called, who attended upon the plaintiff, and he remained at a house in the city until the following evening, when about 7 o'clock, in consideration of the payment of the physician's charges and the sum of $5 to him, plaintiff executed a written contract, by the terms of which he discharged defendants from all liability on account of said injuries and accepted their check for $5. There is no evidence of fraud or misrepresentation on the part of defendants in procuring said release. Nine days later he cashed said check at a store in Anadarko, and then stated to the proprietor that it was the check which he had received in consideration of the release of defendants on account of the injury in question.

It was the theory of the defense that, if the plaintiff was, at the time of the execution of said release, mentally incapacitated to such a degree that he did not fully comprehend the nature and effect of his act, or was induced to sign the same upon the representation of defendants that he was not seriously or permanently injured, and at a later time, when his mind was clear and he had learned the extent of his injuries, he cashed the check, knowing it was given in settlement of his claim for damages against defendants, he thereby ratified the release. They requested the court to instruct the jury upon this issue, but such request was refused. The only charge given with reference to the release was the following:

"You are further instructed that under the law any person who might be entitled to damages by reason of the negligence of another would have the right to enter into a contract with such other person for the payment of his damages and execute a release to such other person for the same; provided the person injured was at the

time in a mental condition to understand the nature and quality of his acts in and about such settlement; and, if you find from the evidence in this case, by a preponderance thereof, that after the injury complained of in this case the plaintiff, Charles Edens, entered into a contract with the defendants whereby they were to pay him the sum of $5 and his doctor bill, and you further find from the evidence that at the time of said negotiations the plaintiff, Charles Edens, possessed the mental capacity to contract as aforesaid, and you further find that he made such an agreement and received the said sum of $5 from the defendants and executed the release offered in evidence herein, then you are instructed that the defendant would be released, and the plaintiff would not be entitled to recover herein, and if you so find, your verdict should be for the defendant; but if, on the other hand, you find from the evidence that at the time in the evening of the day following the alleged injury the plaintiff was not in a mental condition to make a contract, that is, that he was, at the time, in such a dazed and bewildered condition, as a result of the injury complained of, as that he was unable to understand the nature and quality of his act in making such a contract and signing the release offered in evidence, then you are instructed that he would not be bound by such contract, and you would not consider such contract as having any bearing upon his right to recover herein, except that the payment of $5, if you find he received the same, should be credited on the amount of his damages, if you find anything in his favor as damages."

The instruction wholly failed to charge upon the question of the subsequent consent of plaintiff to the release; its only effect being to inform the jury that if at the time plaintiff was so dazed and bewildered as not to understand the nature of his act in signing the instrument; that is, if because of his then mental condition there was want of due consent to the contract on his

part, he was not bound by it. The statute provides (Rev. Laws 1910, sec. 919) :

"A contract which is voidable, solely for want of due consent, may be ratified by a subsequent consent."

Section 920:

"A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it so far as the facts are known, or ought to be known, to the person accepting."

Under the evidence adduced, the release was a voidable contract; and if plaintiff, when restored to his normal mental condition and with knowledge of probable extent of his injury, voluntarily cashed the check, knowing that it had been given to him in part consideration for his settlement with defendants and their discharge from liability on account of any damage he had suffered as the consequence of his injury, he thereby consented to and ratified the release;- and such action on his part would preclude any recovery herein. The law does not recognize the right, in a party to a contract, to accept its benefits one day and repudiate its obligations the next. Defendants were entitled to have their theory of defense, which the evidence clearly tended to support, submitted to the jury under appropriate instructions. *Okla. Ry. Co. v. Christianson,* 47 Okla. 132, 148 Pac. 94; *C., R. I. & P. Ry. Co. v. Pitchford,* 44 Okla. 197, 143 Pac. 1146; *A., T. & S. F. Ry. Co. v. Jamison,* 46 Okla. 609, 149 Pac. 195; *Spurrier Lbr. Co. v. Dodson,* 30 Okla. 412, 120 Pac. 934.

It follows that the judgment should be reversed, and the cause remanded.

By the Court: It is so ordered.