ANNA NYGARD v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

·October 29, 1920.

No. 21,887.

**Release may be avoided for mutual mistake as to an unknown injury.**

A release from all damages arising from and out of an accident may be avoided upon clear and convincing proof of mutual mistake as to an

[1] Reported in 179 N. W. 642.

unknown injury caused by the accident and existing at the time of the settlement, not intended to be included therein.

Action in the district court for Hennepin county to recover $2,500 for personal injuries. The case was tried before Steele, J., who when plaintiff rested and at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $2,450. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

R. T. Boardman and W. D. Dwyer, for appellant.

George J. Simpson and John F. Dahl, for respondent.

HOLT, J.

Defendant's motion for judgment notwithstanding the verdict being denied, it appeals from the judgment.

Plaintiff sued to recover damages for injuries received in an accident while carried as a passenger in defendant's street car. On the trial liability was conceded. The defense was a release. To this defense plaintiff replied that the release was executed under a mutual mistake in respect to the injuries received. The only question presented by the appeal is whether, as a proposition of law, there is any evidence warranting the jury in finding such to be the fact.

As plaintiff was standing in the doorway of the street car, preparatory to leaving, the car was run violently against a cement post guarding the end of the track, throwing plaintiff down, and severely bruising her right arm, shoulder and hip. She was on her way to work, but the injuries compelled her to return home. As she was dependent upon her own efforts for the support of herself and two children, it was necessary for her to try to work as soon as possible. Her attempts were not successful, and, at the end of 10 days, she, with a friend, came to defendant's claim department, described how and where she had been injured, and stated that she ought to be compensated. From what she then knew of her injuries, and as disclosed to defendant's claim agent, it was estimated that in four weeks recovery would be complete. The loss of earnings for that period was figured at about $50 by the parties. This sum

was paid her, and she executed the release in question. No doubt, she would have recovered within the time estimated, had there been no other injuries than those then known to the parties. Instead of improving, she grew worse and had to seek medical treatment. It was then ascertained that her affliction was hysterical paralysis, a very serious disease.

On this appeal, where the only error complained of is that the court should have granted judgment notwithstanding the verdict, the admissibility of the evidence received cannot be questioned and the charge must be taken as expressing the law correctly. The court charged the jury, in substance, that plaintiff to prevail must prove by clear and convincing evidence that there was a mutual mistake as to the injuries in that a substantial injury existed at the time the release was executed, which injury was caused by the accident, but was not then known to either party and was not taken into account in fixing the compensation and making the settlement. We think the proof clear that neither party had a suspicion that hysterical paralysis had been caused by the accident. The testimony shows that its manifestation was slow. The symptoms of its existence were obscured by the effects of the bruises of the muscles and superficial nerves that were known. There was no dispute as to liability. It was an accident to a passenger for which the defendant, a common carrier, by its negligence was liable for the damages sustained. It is equally clear from the evidence that the parties in settling had in mind only the superficial bruises received in the accident and of which they had knowledge, and that the amount paid was to compensate merely for the loss of wages likely to result therefrom. There was no compromise of a disputed claim or of unknown injuries.

Defendant contends that the written release is conclusive that unknown injuries were included in the settlement. The important language in the instrument is this:

"I have released, acquitted and discharged and by these presents do release, acquit and forever discharge the said Minneapolis Street Railway Company, its successors and assigns of and from all actions, causes of action, damages or demands of whatsoever name or nature in any manner arising or to grow out of an accident to me at * * * and that the above consideration is in full settlement of any and all damages to the undersigned arising from or out of said accident."

We think the facts permitted to be proven by parol bring the case within the rule recognized in Althoff v. Torrison, 140 Minn. 8, 167 N. W. 119. The release does not expressly include unknown injuries. But we are not prepared to say that even if it had, it would have availed against the evidence here which clearly proved no such injuries to have been within the knowledge or contemplation of the parties. Appellant's counsel expressed a desire to have the court advise how a release may be framed that will not be open to attack on the ground of mutual mistake, if the one in question is not. If fraud or mutual mistake has induced the making of an unconscionable contract, courts ought to be more concerned about granting relief, than desirous of clinching future wrongs by making such contracts incontestable. A defrauded party is not precluded from showing the fraud vitiating a written contract, even though the contract contains language expressly negativing the use of fraud. General Elec. Co. v. O'Connell, 118 Minn. 53, 136 N. W. 404; Edward Thompson Co. v. Schroeder, 131 Minn. 125, 154 N. W. 792. No reason now occurs to us why the same rule should not obtain in a case of mutual mistake. The doctrine that a contract or release may be avoided for fraud is no better established than the one that such an instrument may be set aside on the ground of mutual mistake as to an existing fact material to the agreement. The only case, of which we are advised, squarely holding that parol proof may not be received to avoid a release for mutual mistake is Houston & T. C. R. Co. v. McCarty, 94 Tex. 298, 60 S. W. 429, 53 L.R.A. 507, 86 Am. St. 854. In the instant case there is no question of the competency of the evidence. But even so, we are not now disposed to approve the decision of the Texas court.

In McIsaac v. McMurray, 77 N. H. 466, 93 Atl. 115, L.R.A. 1916B, 769, it was held that under facts quite similar to those found by the jury here a release should be set aside in equity, but, contrary to our rule, it could not be avoided in a suit at law. The New Hampshire court, after discussing the principle upon which a release for mutual mistake may be avoided, thus refers to the Texas case mentioned: "It is not in harmony with the views above expressed. It seems to disregard the fundamental principle, which is of controlling importance in this state, that a court of equity will afford relief when parties have bound themselves by a written contract executed in justifiable ignorance of a past and existing fact,

which is so material to the subject-matter of the contract that if it had been known the contract would not have been made."

Pomeroy voices the same rule: "It is an elementary doctrine that parol evidence is not, in general, admissible between the parties to vary a written instrument, whether the same has been voluntarily adopted, or made in pursuance of a legal necessity. It is equally well settled that mistake, fraud, surprise, and accident furnish exceptions to this otherwise universal doctrine. * * * This exception rests upon the highest motives of policy and expediency; for otherwise an injured party would generally be without remedy." 2 Pomeroy, Eq. Jur. § 858. See also Dominicis v. U. S. Casualty Co. 132 App. Div. 553, 116 N. Y. Supp. 975.

In the following cases the law is recognized as settled that a release clearly proven to have been executed under mutual mistake as to an existing material fact is not binding: Lumley v. Wabash R. Co. 76 Fed. 66, 22 C. C. A. 60; Chicago & N. W. Ry. Co. v. Wilcox, 116 Fed. 913, 54 C. C. A. 147; Great Northern Ry. Co. v. Fowler, 136 Fed. 118, 69 C. C. A. 106; Tatman v. Philadelphia, B. & W. R. Co. 10 Del. Ch. 105, 85 Atl. 716; Reddington v. Blue & Raftery, 168 Iowa, 34, 149 N. W. 933; Malloy v. Chicago G. W. R. Co. 185 Iowa, 346, 170 N. W. 481; and Owens v. Norwood-White Coal Co. 188 Iowa, 1092, 174 N. W. 851.

Of course when parties intentionally settle for unknown injuries received in an accident, the release obtained is incontestable. But the cases where they deliberately undertake so to do must be rare. In this case there can be no question of the fact that there was no attempt to settle for any except the injuries then known to exist. The jury found, and of this there is no complaint, that the injuries the parties knew of and which they intended to settle were trivial, as compared with the one of which they were ignorant and did not include in the settlement, the latter being fixed at $2,450.

The judgment is affirmed.