ADA T. RICHARDSON v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

January 11, 1924.

No. 23,544.

**When release may be set aside because of mutual mistake.**

1. A release of damages for injuries sustained in an accident may be set aside on the ground of mutual mistake where it clearly appears that a substantial injury, not discovered until after the settlement, had in fact been sustained in the accident and existed at the time of settlement.

**When release cannot be set aside.**

2. Such a release cannot be set aside on the ground that known injuries resulted in consequences not known and not expected when it was made. The parties are presumed to have intended to settle all claims growing out of the injuries whether the after effects proved to be more or less serious than anticipated.

Action in the district court for Hennepin county by the special administratrix of the estate of John E. Richardson, deceased, to

[1]Reported in 196 N. W. 643.

recover $25,000 for the death of her intestate. The case was tried before Waite, J., who when plainttiff rested granted her motion to amend the complaint and at the close of the testimony denied defendant's motion to dismiss the action, and a jury which returned a verdict for $5,500. From an order denying its motion for judgment notwithstanding the verdict, defendant appealed. Reversed.

*F. W. Root, C. O. Newcomb* and *A. C. Erdall,* for appellant.

*George C. Stiles* and *F. M. Miner,* for respondent.

TAYLOR, C.

John E. Richardson was a locomotive engineer in the employ of the defendant. On June 16, 1920, his right arm was broken and his right side bruised and contused in an accident caused by the breaking of a defective axle on the locomotive which he was operating. On January 15, 1921, at his own instance and after mature deliberation, he made a settlement with defendant for the injuries sustained whereby, in consideration of the sum of $1,400 paid to him by defendant, he released and discharged defendant from all claims whatsoever which he then had or might thereafter have on account of such injuries. He died February 11, 1922. Thereafter plaintiff, his widow, as administratrix of his estate, brought this action, claiming that his death resulted from the injuries received in the accident, and that she is entitled to recover the damages which he had sustained in his lifetime and also the damages which she has sustained by reason of his death. The release executed by him seven months after the injury and a year before his death, was interposed as a bar to the action. The sole ground on which plaintiff seeks to avoid the release is that it was executed under a mutual mistake concerning the nature and extent of the injuries which Mr. Richardson had sustained. No fraud or misrepresentation of any sort is claimed. The court directed the jury to determine whether the release was executed under a mutual mistake in respect to the injuries sustained by Mr. Richardson and actually existing at the time it was executed. They found this issue for plaintiff, and the question presented is whether this finding is warranted by the evidence.

Where the consideration received for a release is intended as compensation for the injuries sustained, and it subsequently develops that a substantial injury existed which was not known to the parties when the settlement was made and consequently was not taken into account in making it, the release may be avoided on the ground of mutual mistake. But this rule only goes to the extent of permitting a release to be set aside where it clearly appears that at the time the settlement was made the releasor was in fact suffering from injuries actually sustained in the accident which were not taken into consideration in making the settlement because not then known.

To justify rescinding a contract or release on the ground of mutual mistake, the mistake must be as to a "past or present fact material to the contract." That the injuries for which settlement was made resulted in disabilities and ailments which were not anticipated at the time it was made is not such a mistake. The consequences which will follow in the future from known injuries depend upon so many unknown conditions and contingencies and will vary to such an extent in different individuals that they cannot be known with any degree of certainty. Mistakes in forecasting such consequences are mistakes of opinion, not of fact, and furnish no sufficient ground for annulling the release.

Where, as they did here, the parties make a settlement by which, in consideration of the payment of a specified sum, all claims for damages, then existing or thereafter arising on account of the injuries sustained in the accident, are satisfied and discharged, the settlement is binding and conclusive, although subsequent events disclose that the injuries produced effects which were neither known nor anticipated when the settlement was made. The parties are presumed to have had in mind the uncertainty as to the after-effects of the injuries, and to have elected to make a final settlement which should be binding and conclusive whether such after effects should prove to be either more or less serious than anticipated. Nelson v. Chicago & N. W. Ry. Co. 111 Minn. 193, 126 N. W. 902, 20 Ann. Cas. 748; Nelson v. Minneapolis St. Ry. Co. 61 Minn. 167, 63 N. W. 486; Smith v. Minneapolis St. Ry. Co. 132 Minn. 51, 155 N. W. 1046;

Althoff v. Torrison, 140 Minn. 8, 167 N. W. 119; Nygard v. Minneapolis St. Ry. Co. 147 Minn. 109, 179 N. W. 642; McIsaac v. McMurray, 77 N. H. 466, 93 Atl. 115, L. R. A. 1916B, 769, and note at page 776; Cogswell v. Boston & M. Ry. Co. 78 N. H. 379, 101 Atl. 145; Simpson v. Omaha & C. B. St. Ry. 107 Neb. 779, 186 N. W. 1001; Seymour v. Chicago & N. W. Ry. Co. 181 Iowa, 218, 164 N. W. 352, 20 Ann. Cas. 751; Malloy v. Chicago G. W. Ry. Co. 185 Iowa, 346, 170 N. W. 481; Tatman v. Philadelphia B. & W. Ry. Co. 10 Del. Ch. 105, 85 Atl. 716; Lumley v. Wabash Ry. Co. 76 Fed. 66, 22 C. C. A. 60; Chicago & N. W. Ry. Co. v. Wilcox, 116 Fed. 913, 54 C. C. A. 147; Borden v. Sandy R. & R. L. Ry. Co. 110 Me. 327, 86 Atl. 242; Miles v. N. Y. C. Ry. Co. 195 App. Div. 748, 178 N. Y. Supp. 637, 185 N. Y. Supp. 941; Kowalke v. Milwaukee E. R. & L. Co. 103 Wis. 472, 79 N. W. 762, 74 Am. St. 877.

There is little or no dispute concerning the nature and extent of the injuries suffered by Mr. Richardson, or concerning the disease of which he died. The injuries have already been mentioned. The disease of which he died was a form of Bright's disease called chronic interstitial nephritis which was accompanied by hardening of the arteries and an affection of the heart. The controversy at the trial, except as to the effect of the release, was whether this disease did or did not result from the injuries which he had sustained; and the evidence adduced was directed to that question. Defendant contends that no causal connection existed between the disease and the injuries; that the evidence, at most "makes no more than a possibility that the disease might have been caused by the injury." Plaintiff's contention is stated in her brief as follows:

"We submit that the jury, from the testimony, were fully justified in finding as a fact that the shock to Mr. Richardson arising out of the injuries in question, was the inducing cause which set in motion the elements which finally culminated in his death because of the condition of his heart and of his kidneys."

Defendant called experts who testified that in their opinion the disease could not have been caused by, nor have resulted from, the injuries. Plaintiff called experts who testified that the disease might, and in their opinion did, result from the shock caused by the injuries.

Plaintiff predicates her right to recover on the claim that the disease resulted from the shock caused by the injuries, and that this after effect of the injuries was not known when the settlement was made. The fact that the shock was a contributing cause in bringing on the disease, and that the existence of the disease was not then known, is not a sufficient ground for setting aside the contract of settlement and release which Mr. Richardson had deliberately entered into of his own accord and after mature deliberation. This was not an unknown injury, but an unknown and unexpected consequence of the injury, and does not bring the case within the rule. To avoid such a release, the rule requires clear and convincing proof that a substantial injury, which was not discovered until after the settlement, had in fact been sustained in the accident and existed at the time of the settlement. That unknown and unexpected consequences resulted from known injuries is not sufficient.

There is no evidence which will justify the cancelation of this release, and it must be given effect according to its terms. The judgment appealed from is reversed and judgment for defendant directed.