# ALBERT LADWIG v. EDWARD PETERSON.[1]

June 13, 1924.

No. 24,027.

**Refusal to vacate default judgment proper.**

1. There was no abuse of judicial discretion in refusing to open a default judgment and permitting defendant to answer, for, upon the showing made, the court might well conclude that defendant had knowledge of the entry of the judgment for nearly four years before he applied for relief.

**Whether answer stated defense doubtful.**

2. Whether the proposed answer stated a defense in view of defendant's admission in his rebuttal affidavit is doubtful.

Action in the district court for Hennepin county to recover $500 on a promissory note. From an order, Nordbye, J., denying his motion to vacate a judgment entered by default and for leave to defend on the merits, and from an order denying his motion to set aside the service of the summons, defendant appealed. Affirmed.

*Joss, Ohman, Fryberger & Parker,* for appellant.

*H. F. Woodard,* for respondent.

HOLT, J.

The appeal is from an order denying the motion of defendant to open a default judgment and permit him to answer.

The suit was upon a promissory note of $500, executed by defendant in 1912, for the purchase of plaintiff's interest in the business and partnership theretofore conducted by them. The summons was served a few days before the note outlawed, and the judgment was entered in November, 1919. This application to open and for leave to answer was made in December, 1923. Defendant supported the motion only by his own affidavit, to the effect that the day after the summons was served he employed an attorney and paid him a retainer to defend; that this attorney a number

[1]Reported in 199 N. W. 226.

of times thereafter assured him that he would be informed when the case came for trial so that he might appear and testify; that he relied thereon and believed an answer had been interposed and knew nothing to the contrary till December 17, 1923, when he was served with an order in supplementary proceedings.

There is no controversy concerning the rules of law applicable to motions of this sort. "Where there has never been a trial on the merits and the defendant shows that he has a good defense, and no substantial prejudice appears to the plaintiff from the delay, it is the duty of the trial court to relieve the defendant of his default if he furnishes any reasonable excuse therefor, and the action of the court in so doing will not be disturbed." Rodgers v. United States & D. Life Ins. Co. 127 Minn. 435, 149 N. W. 671. But "defendant asks a favor, not a right; the judge grants or refuses the application as under all the circumstances he may think will best subserve the ends of justice, and at the same time not encourage disorderly and improper practises in the administration of the law. This discretion is, of course, a legal and not an arbitrary one, but will not be interfered with in its exercise, except in cases of palpable abuse." Merritt v. Putnam, 7 Minn. 399 (493).

Of course, if defendant had notice of the judgment soon after its entry, the order appealed from was clearly right. The counter affidavits of both plaintiff and his attorney are to the effect that, within a few days after the rendition of the judgment, defendant was informed thereof and payment demanded; that on many occasions thereafter he had promised to pay the same. It also appears that when the suit was begun the attorney retained by defendant officed with him, and both still reside in the same city, but no excuse for failing to answer was offered from this attorney, and defendant is entirely silent about ever having inquired of such attorney why he neglected to defend. Upon these conflicting affidavits, and with no explanations from the attorney retained by defendant, it was for the court below to determine when defendant obtained knowledge of the entry of the judgment. The denial of the motion imports a finding or conclusion that defendant knew of the judgment very soon after its entry. Such being the case there

could be no abuse of judicial discretion in the refusal to open the judgment.

It may also be added that it is very doubtful whether defendant's proposed answer, taken in connection with the written agreements attached to plaintiff's affidavits and which defendant admits to have been executed in connection with the note, states any defense. The substance of the answer is that the note was not to be paid unless defendant realized enough to pay it out of the partnership assets he purchased and upon which was a mortgage; that the mortgage was foreclosed and nothing remained with which to pay the note. The written agreements referred to clearly show that the note was given as the purchase price for plaintiff's interest in the partnership, and no conditions are incorporated under which payment might be avoided.

The order is affirmed.