AUGUSTA SWAN v. RIVOLI THEATER COMPANY.[1]

April 5, 1928.

No. 26,167.

**Refusal to vacate judgment sustained.**

The trial court did not err in denying the plaintiff's motion to set aside a judgment in a personal injury action entered pursuant to an order for judgment on the pleadings, there being no reply, upon the ground that a release alleged in the answer was executed by the plaintiff to the defendant under a mistake as to the extent of the injury and was induced by fraud.

Judgments, 34 C. J. p. 309 n. 89.

Plaintiff appealed from an order of the district court for Hennepin county, Waite, J. denying her motion to set aside a judgment entered against her. Affirmed.

*Lynn S. Helgerson* and *Tautges, Wilder & McDonald,* for appellant.

*Sexton, Mordaunt & Kennedy,* for respondent.

[1]Reported in 219 N. W. 85.

DIBELL, J.

This action was brought to recover for personal injuries sustained by the plaintiff on April 13, 1922, when upon the premises of the defendant and through its negligence. On September 27, 1922, before its commencement, the parties settled; and the plaintiff, her husband joining, in consideration of $1,500, released the defendant "from any and all actions, causes of action, claims and demands accrued and to accrue on account of any and all known and unknown injury, loss and damage whatsoever sustained by us on or about the 13th day of April, 1922."

Later the plaintiff commenced suit and the defendant interposed the release as a bar. There was no reply. On February 9, 1925, an order was made granting defendant's motion for judgment on the pleadings. On April 14, 1925, judgment was entered pursuant to the order. In November, 1926, the plaintiff made a motion to set aside the judgment and to permit her to file a reply alleging that the injuries for which she sought to recover were not in the contemplation of the parties at the date of the release and that it was executed through mutual mistake within the doctrine of Richardson v. C. M. & St. P. Ry. Co. 157 Minn. 474, 196 N. W. 643, where the question is discussed and the cases are collected. On January 7, 1927, before a decision on the motion, she moved for leave to file a so-called amended reply to take the place of the reply tendered on the first motion, in which she alleged fraud on the part of the defendant in concealing from her the extent of her injuries. The court granted this motion and denied the motion to vacate the order of February 9, 1925, and the judgment of April 14, 1925. The plaintiff appeals from the order denying her motion to set aside the judgment. The plaintiff does not object, and of course cannot, to the order allowing the filing of the amended reply. The question presented is whether the court erred in denying the first motion, that is, the one to set aside the order for judgment and judgment, considering the amended reply as if presented at that time.

In the settlement the plaintiff was represented by competent and careful counsel. His version of the facts accompanying the settlement is not shown. The attorney who represented the plaintiff

when suit was brought did not represent her in this settlement nor on the motion to vacate the order and judgment.

The claim of mistake is not particularly well sustained by the affidavits. There is nothing conclusive. The claim of fraud is weakened by the accompanying affidavit of her attorney which alleges:

"Your affiant has discovered new evidence, which if true, would cause your affiant to conclude that said defendant had knowledge as to the character, nature and extent of plaintiff's injuries at the time said purported release was executed, and that said defendant concealed the nature, character and extent of plaintiff's injuries from her, and fraudulently induced plaintiff to sign such alleged release."

There was very considerable delay. The injuries occurred and the settlement was made more than four years before the motion to open the judgment and more than two and one-half years before the judgment. We do not fail to note that the attorney who brought suit was guilty of gross neglect in failing to reply and in failing to give attention to the motion for judgment on the pleadings. The showing made was not such as to compel the granting of relief.

Whether it was necessary to allege fraud we do not determine. We have refrained from advising how a release may be framed that will not be open to attack on the ground of mutual mistake. Nygard v. Minneapolis St. Ry. Co. 147 Minn. 109, 179 N. W. 642. We are not called upon to do so now.

It was for the trial court to determine whether the judgment and order should be vacated, and its judgment was fairly exercised.

Order affirmed.

HILTON, J. took no part.