# IN RE ASSESSMENT FOR HAZEL PARK SEWER SYSTEM. CITY OF ST. PAUL v. ALPHONSE E. MEISTER.[1]

December 14, 1928.

No. 26,904.

*Mark J. Woolley* and *J. S. Scribner,* for appellant.
*Eugene M. O'Neill* and *Reece J. McGee,* for respondent.

[1]Reported in 222 N. W. 520.

WILSON, C. J.

Appeal from an order denying motion of the property owner to set aside and vacate a judgment entered against his 40 acres of land for a special assessment of $9,163.88 and permitting him to serve and file a proposed answer which states a defense.

Appellant's property is affected by the Belt Line-Phalen and Hazel Park sewer system. When the proceedings were instituted for the establishment of the trunk line sewer in the system appellant was notified, pursuant to the city charter, of the preliminary hearing. He appeared but did not file an answer. After that he was notified, as provided in the charter, of each step of the proceedings and was present and objected to the ratification of the assessment levied against his property. He discussed the proceedings and the assessment with various city employes. On June 28, 1926, the judgment was entered. This was a legal prerequisite to making the assessment. A post card notice as provided by the charter was given appellant advising him of the amount of the assessment and how it might be paid. In August, 1926, he was notified that the first instalment of $916.39 was due. On August 30, 1926, he went to the office of the commissioner of finance and paid the $916.39. The motion herein was made about January 19, 1928.

Appellant claims that he is an uneducated German farmer without experience in court matters; that he was told by the agents of the city, not naming them, that there was no use to oppose the improvement; that he relied thereon and, because thereof and because of his ignorance of the law, he did nothing to protect his rights and now asks to have his day in court.

A motion to vacate a judgment, and nothing more, is usually based upon a jurisdictional defect appearing upon the face of the record. It is a direct attack upon the validity of the judgment. 3 Dunnell, Minn. Dig. (2 ed.) § 5108. This is not such a case. This is an application to open the judgment, which is in the nature of a request from the defendant who is in default to be allowed permission to interpose a defense. A motion to vacate a judgment is a matter of right. A motion to open a judgment is directed to the

discretion of the court, and in such a motion the moving party must show merits and due diligence. In applications of the latter character the inherent power of the court has been modified and regulated by G. S. 1923, §§ 9283, 9243.

■ Upon the record an inference is permissible that the application was not made within one year after appellant had notice of the judgment. If so the court had no discretion in the matter, and the conclusion would be correct. Marthaler Mach. & Eng. Co. v. Meyers, 173 Minn. 606, 218 N. W. 127; Kipp v. Clinger, 97 Minn. 135, 106 N. W. 108. But aside from such theory, the application is addressed to the sound discretion of the trial court. Ladwig v. Peterson, 160 Minn. 13, 199 N. W. 226; Zell v. Friend-Crosby & Co. 160 Minn. 181, 199 N. W. 928; Pittsburgh P. G. Co. v. Smith, 163 Minn. 513, 203 N. W. 984; Moot v. Searle, 165 Minn. 308, 206 N. W. 447; Peterson v. Bengston, 166 Minn. 494, 207 N. W. 20; Swan v. Rivoli Theater Co. 174 Minn. 197, 219 N. W. 85; MacLean v. Reynolds, 175 Minn. 112, 220 N. W. 435.

■ The applicant must not be guilty of laches but must act with diligence. Kipp v. Clinger, 97 Minn. 135, 106 N. W. 108; Northern Tr. Co. v. Crystal Lake Cem. Assn. 67 Minn. 131, 69 N. W. 708; First Nat. Bank v. Northern Tr. Co. 69 Minn. 176, 71 N. W. 928.

■ Under all the circumstances of this case we cannot say that the trial court abused its discretion in denying the motion, and hence the order is affirmed.

Affirmed.