## K. C. MOTOR CO. et al. v. MILLER.

### No. 28549. April 4, 1939.

### Rehearing Denied May 16, 1939.

Rittenhouse, Webster & Rittenhouse, for plaintiffs in error.

Meacham, Meacham & Meacham, for defendant in error.

GIBSON, J. Katie Miller, defendant in error, obtained a verdict and judgment in the district court of Custer county against the K. C. Motor Company and C. O. Kemp, plaintiffs in error, for personal injuries arising out of an automobile collision occurring through the negligence of defendants. Defendants pleaded a release. Plaintiff replied that at the time of signing the release she believed she had received no personal injury, and there was no consideration for the release of personal injuries because both plaintiff and defendants were of the belief that plaintiff had received no personal injuries, and which personal injuries now complained of, and in particular a kidney injury necessitating medical and hospital care, were not discovered and did not develop until after the execution of the release.

The parties are referred to as they appeared in the trial court.

As grounds for reversal, defendants urge (1) (a) that plaintiff is bound by the release, and (b) is estopped from avoiding the same, and that (c) the sufficiency of the consideration for the release may not be inquired into, and (d) that the evidence was insufficient to show mutual mistake in the execution of the release sufficient to avoid the settlement on that ground; (2) error in giving certain instructions; and (3) error in refusing certain requested instructions.

A day or two after the accident an adjuster with a representative of the motor company appeared at plaintiff's home and commenced negotiations for the settlement of the car accident. These negotiations were later continued at the motor company office. The cost of repair of plaintiff's car had been previously estimated by the motor company at $220, and plaintiff was so informed. The adjuster said he would pay that car damage, a $5 doctor bill, and that he would pay a total of $250, the difference for plaintiff's bumps and bruises and black eye. This arrangement was made the third day after the accident. The adjuster testified that while the difference was to cover her bumps and bruises and black eye, he knew only of these and did not know of her other injuries. The prepared release was signed by plaintiff on the following day in the absence of the adjuster.

Plaintiff then proceeded to visit in Texas and there became sick and returned home in a few days. After returning she endorsed the release check and delivered the same to the motor company to apply on her purchase of a car.

After her return from Texas, plaintiff worked for a week or ten days and then had a telephone consultation with a doctor. Later she was examined and treated at her home by another doctor, and after two days, her condition becoming worse, she was thereafter moved to and treated at a hospital.

Plaintiff testified that immediately after the accident she had no medical attention and went on to work, and that the only injury she then knew she had received was a black eye and some slight knee bruises, and that the first she knew she had back bruises was when the doctor examined her after her return from Texas and shortly prior to her removal to the hospital.

Testimony was given by plaintiff's physician that the back bruises sustained by plaintiff caused plaintiff a kidney infection,

and kidney stones, and that such kidney conditions are not immediately manifest after such injuries, but develop in varying periods. Medical testimony to the contrary was also received.

We consider first defendant's contention (a) that plaintiff is bound by the release. The defense of misrepresentation was eliminated by the trial court upon the close of plaintiff's evidence. The material defense against the release is that of mutual mistake of fact.

This court has recognized the validity of such defense in St. Louis-San Francisco Ry. Co. v. Cauthen, 112 Okla. 256, 241 P. 188, where it is declared in the third syllabus that:

"Mutual mistake of fact should justify the rescission of a release executed under the belief that injuries are trivial and temporary, when as a matter of fact they are serious and permanent in their nature, where it appears that the purpose of the release was to compensate for apparent injuries, known injuries, and that serious or permanent injuries were not contemplated by the parties at the time of the execution of the agreement or release, although in its terms the agreement or release is broad enough to cover all injuries resulting from the particular incident."

In that case the railway employee Cauthen was injured, and, believing he had fully recovered, and being so advised by all parties concerned, when in fact he suffered from an injury which later resulted in a permanent physical disability, executed an agreement for a consideration claimed by the railway to have been accepted in full and complete satisfaction of all claims Cauthen might have had. Upon plaintiff seeking recovery the railway pleaded the release. This court in that case, after reviewing many authorities, affirmed the judgment in favor of plaintiff. That case presented a situation where further compensation was sought for the same leg injury.

In the instant case, neither plaintiff nor the adjuster was aware of plaintiff's back injury, which, subsequent to plaintiff's execution of the release, developed into a kidney affection. The plaintiff testified she was not aware of that injury. The adjuster declared he was paying the difference of $25 between the car damage and the total paid for plaintiff's black eye and bruises. No doctor had been then consulted by plaintiff. Plaintiff's injury here involved was not known at the execution of the release.

The situation here presented comes well within the rule announced in the Cauthen

Case, as well as that quoted by this court from 34 Cyc. 1058, in Davis v. Higgins, 95 Okla. 32, 217 P. 193, in the following language:

" 'A release may, however, be avoided for a mutual mistake of a past or present fact, material to the agreement; but such an effect is not produced by a mistake in prophecy, or in opinion, or by mistake in belief relative to an uncertain future event, as, for instance, the probable developments from and permanency of a known injury.' "

In Richardson v. Chicago, M. & St. P. Ry. Co. (1924) 157 Minn. 474, 196 N. W. 643, the syllabus thereof declares that:

"A release of damages for injuries sustained in an accident may be set aside on the ground of mutual mistake where it clearly appears that a substantial injury, not discovered until after the settlement, had in fact been sustained in the accident and existed at the time of settlement."

See, also, Smith v. City of Kansas City (1918) 102 Kan. 518, 171 P. 9; Pickering Lumber Co. v. Campbell, 147 Okla. 158, 295 P. 596; 53 C. J. 1211 (20) (21), and the numerous cases therein cited sustaining the avoidance of releases upon the ground of mutual mistake of fact; and annotations 48 A. L. R. 1462, et seq., and 117 A. L. R. 1022, et seq.

In Simpson v. Omaha & C. B. St. Ry. Co. (Neb.) 186 N. W. 1001, where plaintiff recovered damages for a serious disability which developed subsequent to his execution of a release, that court said in part:

"* * * Where one who has sustained personal injuries, and with his attention directed to the known injuries, which are trivial in their nature, contracts for the settlement of his damages with reference thereto, in ignorance of other and more serious injuries, both parties at the time believing that the known injuries are all the injuries sustained, then there is a mutual mistake, and the release, although couched in general terms, should be held not to be a bar to an action for the more serious and unknown injuries. The views herein expressed find support in the following authorities (citing many cases)."

The doctrine that a contract or release may be avoided for fraud is no better established than the one that such an instrument may be set aside on the ground of mutual mistake as to an existing fact material to the agreement. Nygard v. Minneapolis Street Railway Co. (1920) 147 Minn. 109, 179 N. W. 642.

In substance, it is the contention of plaintiff that no release was intended except of those superficial injuries known, and

that no release from damages for the injuries from which she later suffered and for which she sought recovery in this action has ever been executed, and that said release pleaded is therefore not a bar to this action.

Upon our review of the entire record, we are of the opinion that there was sufficient competent evidence to show such mutual mistake of fact to justify avoidance of the release in question. A fair construction of the evidence is that the release was made under the belief by both parties that there were no other injuries than those discussed, and that the known injuries were not deemed serious. Whether the release was executed under such a mutual mistake of fact was a question properly submitted to the jury. Goodyear v. Davis (1926) 121 Kan. 392, 247 P. 446; Owens v. Norwood-White Coal Co. (1919) 188 Iowa, 1092, 174 N. W. 851.

Defendants further assert (b) that plaintiff is bound by the release by accepting and endorsing the settlement check after she had returned from Texas, and, as argued, then at a time when the full extent of her injuries should have been known to her, and that plaintiff thereby ratified her release and was by that conduct estopped from questioning its effect. The single authority quoted by defendants in this connection indicates the inapplicability of the charge of ratification. Whether or not she knew of the extent of her injuries immediately after the accident and to just prior to her endorsing the check was a disputed matter. The record reflects that the checks were endorsed immediately upon her return from Texas, and that plaintiff did not consult a doctor until about a week after she returned from Texas, and that she did not know of her back bruises, from which bruises medical witnesses testified the kidney affection emanated, until after then being examined. Eccleston v. Edens, 50 Okla. 237, 150 P. 882, declares that one who accepts the benefits of a voidable release of liability, when he is apprised of the probable extent of his injuries, thereby ratifies and consents to such release. The evidence indicated that plaintiff was not then aware of the extent of her injuries, and the jury so found.

While defendants argue (c) that the sufficiency of the consideration for the settlement may not be inquired into, that question is not present in the case, but thereby defendants seek to avoid the real question presented, whether or not the release is binding as to injuries not then known or not in contemplation of the parties at the time of the execution of the release, and for which later discovered injury no consideration is claimed.

As a part of this division of defendants' brief, they urge that the evidence was amply sufficient to raise a question or issue as to which of the parties was at fault in the accident. Suffice it to say that the jury decided that issue against the defendants.

Considering (d) the claimed insufficiency of the evidence to show mutual mistake in the execution of the release to justify its avoidance on that ground, we have examined the entire record and have hereinabove outlined material portions of the evidence, which, when considered with the entire record, we deem to be sufficient to present the question of mutual mistake of fact, and which question the jury by its verdict determined against the defendants.

The trial court instructed the jury that it was not submitting as an item of damage injuries or conditions of plaintiff other than the kidney injury.

The verdict of the jury is conclusive as to all disputed facts, and where there is any competent evidence reasonably tending to support its verdict, the same will not be disturbed by this court. Johnson Oil Refining Co. v. Wilcoxson, 173 Okla. 514, 49 P.2d 108.

Defendants say that instructions numbered 15, 18, and 19 were erroneous.

Instruction No. 15, in addition to defining mutual mistake of fact, in substance and effect required the jury to return a verdict for plaintiff if any injuries actually arising from the accident became manifest after the execution of the release and such injuries were unknown to and not within the contemplation of the parties when the release was executed.

Defendants contend that the instruction is ambiguous and misleading. It may be somewhat faulty by reason of ambiguity, but, if ambiguous, we cannot say that the effect thereof was to mislead the jury to defendants' prejudice. The instruction constitutes a fair statement of the law with reference to the question of mutual mistake as pleaded in this case, and properly instructs as to the right of recovery for injuries not included in the release.

It is contended that, since the release purported to cover all injuries arising from the accident, the instruction should have been so worded as to preclude recovery in the absence of fraud on defendants' part in procuring the release, and that said in-

struction should have taken into account the plaintiff's duty to ascertain the extent of her injuries before making final settlement. In this connection it is asserted that a person may settle and release a claim for personal injuries and bind himself thereby even though subsequent developments may show greater damage or loss than was originally anticipated. These objections are also directed to instruction No. 18.

The questions of fraud and of mutual mistake in cases of this character are wholly unrelated. If there is fraud there can be, as to the same circumstances, no mutual mistake. See Beatrice Creamery Co. v. Goldman, 175 Okla. 300. 52 P.2d 1033, 1037. Furthermore, the above contention concerning the injured party's duty to ascertain the extent of his injuries before executing release therefor is not an element to be considered in an action based wholly upon mutual mistake. The mistake either did or did not occur. In an action for injuries unknown and not considered upon the settlement, the issue is whether both parties were actually unaware of such injuries. We know of no rule of law in this state requiring either party to ascertain whether the accident has resulted in injuries other than those contemplated by the parties at the time of settlement. The plaintiff may be obligated to investigate the extent of his known injuries in such case, but not to investigate whether there are specific injuries other than the known ones.

Instruction No. 19 is objected to on the ground that recovery is not limited to the damages growing out of the alleged injury to plaintiff's kidney.

We find no error in the latter instruction. It is suitable to the issues and the evidence produced thereon. The court's instruction No. 1 clearly informs the jury that recovery is sought only for losses suffered by plaintiff as a result of alleged injuries to the kidney. The jury was definitely confined to a consideration of those injuries in fixing the amount of recovery.

Defendants say the court erred in refusing their requested instructions Nos. 2, 4, 6, 7, and 8.

Requested instruction No. 2 embodies the rule of law that would prohibit variation or change of a written contract by parol evidence. It was inappropriate in the instant case for the reason that it failed to take into account the issue of mutual mistake of fact.

No. 4 of said requested instructions would sustain the written release in its entirety and preclude recovery if the jury was of the belief that the parties had equal opportunity to ascertain the extent of the damages before entering into the settlement agreement. This request, like No. 2, above, was unsuitable for failure to recognize the question of mutual mistake of fact.

No. 6 deals with the question of estoppel by reason of accepting the benefits of the settlement agreement. This requested instruction was incomplete in that it failed to take into account the question whether plaintiff at the time of accepting payment had become aware of the injuries allegedly omitted from the settlement by mutual mistake. See Eccleston v. Edens, 50 Okla. 237, 150 P. 882.

Requested instruction No. 7 deals with the question of erroneous opinion of the parties as to the extent of injuries known at the time of settlement. The court's instruction No. 15 thoroughly informed the jury on this particular question. The court therefore did not err · in refusing the request.

No. 8 would instruct the jury not to consider the alleged injury to the kidney if the release was voluntarily and freely executed by plaintiff. This requested instruction, like Nos. 2 and 4 above, failed to take into account the qualifying effect of mutual mistake as aforesaid.

We find no prejudicial error with respect to the instructions as given and refused.

The judgment is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, and HURST, JJ., concur.