**Kerr v. May**

98

Before McNaugher, P.J., Cercone and McKenna, JJ.

*Samuel J. Goldstein,* for plaintiff.

*Weis & Weis,* for defendant.

McKENNA, J., November 15, 1960.—Defendant in this action has filed a motion for judgment on the pleadings. The case arises out of an automobile collision, which occurred on January 1, 1958, on the Penn-Lincoln Parkway near Carnegie in Allegheny County. The roadway was icy and slippery when defendant's automobile skidded into that of plaintiff, which was then stopped on the highway.

On January 19, 1958, a release reciting a consideration of $79.75, the full amount of the automobile damage, was mailed to plaintiff. On January 22nd of the same year, plaintiff signed the release, had it notarized and returned it to defendant's representative. During the following February, a draft in the amount recited in the release was delivered to plaintiff. She refused to accept it and filed suit for personal injuries allegedly growing out of the accident. Depositions were taken on behalf of both parties.

Plaintiff testified that three or four weeks after the collision a severe pain in her back and neck developed. She also described the happening of the accident and stated that the collision caused her head to be snapped backwards; she was shaky and nervous immediately following the collision but was able to engage in her work. She was a cashier in the Harp

and Crown Room, Penn-Sheraton Hotel, Pittsburgh. She did not immediately see a doctor but sometime later visited a sick sister in Florida; she did consult a doctor in Florida, who apparently related her condition, which caused her pain, to the automobile accident. Plaintiff was hospitalized for a period of 15 days, but could not state at the time the depositions were taken the exact date of her hospitalization. It was probably in May of 1958: Plaintiff's deposition page 25. There is testimony in some of the depositions to the effect that the release was not complete at the time plaintiff signed it, but a stipulation filed by the parties states that the case is to be decided as if the release had been completed in all respects prior to the time plaintiff signed it. The release reads as follows:

"RELEASE

"KNOW ALL MEN BY THESE PRESENTS, that I, Marie A. Kerr, 583 Sarah St. Carnegie, Pa. for the sole consideration of Seventy-nine and 75/100 Dollars to me in hand paid by John S. May, 737 Rivermont Dr. Pittsburgh, Pa. herein termed the releasee, the receipt whereof is hereby acknowledged, have released and discharged, and by these presents do for myself, my heirs, executors, administrators and assigns or successors release and forever discharge the said releasee John May of and from all claims, demands, damages, actions, causes of action, or suits at law or in equity, of whatever kind or nature, for or because of any matter or thing done, omitted or suffered to be done by said releasee John May prior to and including the date hereof, and particularly on account of all injuries both to person or property resulting, or to result from an accident which occurred on or about the 1st day of Jan. 1958 at Pgh. Pa.

"It is further understood and agreed that the payment of said amount by said releasee is in compromise

of a disputed claim (as to which liability is expressly denied) and is not to be construed as an admission of liability upon the part of said releasee.

"All agreements and understandings between the parties hereto are embodied and expressed herein and the terms of this release are contractual and not a mere recital.

"IN WITNESS WHEREOF, I have hereunto set my hand and seal this 22nd day of January 1958.

This is a Release
Read before signing.
(Sd.)    Marie A. Kerr

"In presence of
"Bina B. Zeidman
  Bina B. Zeidman, Notary Public
  Pittsburgh, Allegheny County
  My commission expires February 5, 1959."

The case is now before the court en banc on a preliminary motion. Plaintiff has the burden of proving that defendant caused her injuries and the extent of same. On this motion, however, we assume the following facts: That plaintiff, while operating her automobile, was involved in a collision with defendant's car. The collision was caused by the negligence of defendant. Plaintiff sustained personal injuries, which were not immediately apparent and which subsequently required her hospitalization. Shortly after the accident and without knowledge of any personal injuries, she executed a release for the exact amount of the property damage. Although the release contains the words "injuries both to person or property," it is obvious that it applied only to damages to the automobile.

Under the circumstances here presented, we believe that defendant's motion for judgment on the pleadings must be denied.

The cases on this subject distinguish between a release of the consequence of a known injury and a release which is executed at a time when the releasor had no knowledge of the nature or extent of his injuries. The case at bar falls within the latter class. This rule is well illustrated in the case of Serr v. Biwabik Concrete Aggregate Co., 202 Minn. 165, 278 N. W. 355 (1938).

In that case, plaintiff was injured in a collision between an automobile and a horse, which had been negligently permitted to stray onto the highway by defendant. Plaintiff signed a release for $100, which sum about covered her expenses for clothes and medical services for cuts and scratches. Some years later it was discovered that a piece of glass from the auto had become imbedded in her head. She was successful in a suit to set aside the release. The Minnesota Supreme Court said (page 176)

" 'If fraud or mutual mistake has induced the making of an unconscionable contract, courts ought to be more concerned about granting relief, than desirous of clinching future wrongs by making such contracts incontestable. . . . The doctrine that a contract or release may be avoided for fraud is no better established than the one that such an instrument may be set aside on the ground of mutual mistake as to an existing fact material to the agreement.' Nygard v Minneapolis St. Ry. Co., 147 Minn. 109, 112, 179 N.W. 642, 643.

"Plaintiff did not have the advice or assistance of counsel when the settlement was made. She had been treated by her physician, who believed that she had sustained only superficial cuts and would soon recover. Taylor was of the same view. No X-rays had been taken. Plainly the parties had in mind only *superficial* injuries."

The facts in that case are very similar to those in the case at bar, and the opinion is very persuasive here.

The two rules stated in A. L. R. applicable to this case involving releases of the type here under consideration are as follows:

"Where the settlement is made and the release given with reference only to known injuries, and it subsequently develops that a substantial injury then existed which was unknown to the parties and not taken into consideration, the release may be avoided on the ground of mutual mistake": 117 A. L. R. 1025.

The following Pennsylvania cases are cited in support of this legal principle: Shetina v. Pittsburgh Terminal Coal Corporation, 119 Pa. Superior Ct. 425, 179 Atl. 776 (1935); Kilgore v. State Workmen's Insurance Fund, 127 Pa. Superior Ct. 213, 193 Atl. 294 (1937), and Borzor v. Alan Wood Steel Company, 130 Pa. Superior Ct. 182, 196 Atl. 532 (1938).

The corollary to the foregoing statement is enunciated in A. L. R. as follows:

"Unknown and unexpected consequences of a known injury will not bring a case within the rule permitting avoidance of a release on the ground of mutual mistake": 117 A. L. R. 1028.

A later annotation sustains the position we have adopted. See 71 A. L. R. 2d 82.

A recently decided Florida case is directly in point and is similar in its facts to the case at bar. In Ormsby v. Ginolfi, 107 So. 2d 272 (Fla. App., 1958), plaintiff, while she knew she was "shook up," thought she had suffered no actual personal injuries and executed a general release in consideration of reimbursement for the expense of repairing her car, damaged in the accident. It was held that she was entitled to go to the jury on the question whether the release was executed in reliance on a mutual mistake, where it subsequently developed that she had suffered severe personal injuries. The court said that its holding did no violence

to the rule that unknown or unexpected consequences of known injuries would not invalidate a release.

There is an enlightening note on the subject in 19 U. Pitt. L. Rev. 111 (1957). This too supports the position which we have here adopted.

Defendant relies on Bollinger v. Randall, 184 Pa. Superior Ct. 644, 135 A. 2d 802 (1957). In that case a minor plaintiff was injured by an automobile operated by defendant. Plaintiff through his guardians instituted an action in the common pleas court. A settlement was agreed upon in the sum of $600. The accident occurred on January 22, 1950, and the case was settled on January 30, 1951. In February 1954, it was discovered that the vision in the boy's left eye was lost due to atrophy of the optic nerve, a condition which the doctors believed was caused by the accident in 1950. The Superior Court refused to set aside the release, affirming the statement of the lower court as follows:

" 'To hold otherwise would create a legal situation which would make it impossible, or at least inadvisable, to settle any suit. Settlements are necessarily based upon the facts which are then available to the parties and there is always the risk that the injuries may prove to be more serious or less serious than then contemplated, and there is also the disputed question of liability to be considered. If a release is to be lightly set aside for no other reason than the parties were mistaken as to the extent of the injuries, the effect of the release and the advantage of settlement would be lost. . . .' ": 184 Pa. Superior Ct. at 650.

The Bollinger case may be distinguished from the case at bar in that, there, plaintiff deliberately released defendant from liability for personal injuries. The case, therefore, falls within the rule previously adverted to that a release will not be set aside where

the parties did know of the injury but were unaware of its extent. In the case at bar, it is obvious that the parties did not contemplate injuries other than those to plaintiff's automobile.

Defendant's motion for judgment on the pleadings will, therefore, be refused.

### Order of Court

And now, to wit, November 15, 1960, defendant's motion for judgment on the pleadings is refused.

Eo die, exception noted to defendant and bill of exception sealed.